THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| G.G., A.L., and B.S., individually and on behalf of all others similarly situated,,<br><br>Plaintiffs,<br><br>v.<br><br>VALVE CORPORATION, a Washington corporation,,<br><br>Defendant. | NO. 2:16-cv-01941<br><br>PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT<br><br>**NOTE ON MOTION CALENDAR:**<br>**January 20, 2017** |

**MOTION TO REMAND**

Plaintiffs G.G., A.L., and B.S. respectfully move this Court under 28 U.S.C. § 1447(c) for an order remanding this matter to King County Superior Court. Under the law of the case doctrine, Plaintiffs' Complaint does not meet the standards for the amount in controversy requirement for federal jurisdiction under the Class Action Fairness Act ("CAFA"). *See* Amended Order Granting Defendants' Motion to Dismiss, *McLeod v. Valve*, et al., 2:16-cv-1227-JCC, DE#46, at pgs. 8-9 (Nov. 22, 2016); *see also Woischke v. Astrue*, 2007 U.S. Dist. LEXIS 83459, *9-10 (W.D. Wash. Aug. 6, 2008) (*citing Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988)).

PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT - 1 (NO. 2:16-CV-01941)

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

# MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

## I.  INTRODUCTION

This Court has already ruled that it does not have CAFA—or any other—jurisdiction over this case. *See* Amended Order Granting Defendants' Motion to Dismiss, *McLeod v. Valve*, et al., 2:16-cv-1227-JCC ("*McLeod*"), Dkt. #46 at pp. 8-9 (Nov. 22, 2016). After this Court told Plaintiffs that they did not belong in federal court, they re-filed in King County Superior Court. The Complaint made no additional allegations as to the damages that would confer federal jurisdiction under CAFA. Nevertheless, Defendant Valve Corporation ("Valve") removed under CAFA.

But, in doing so, Valve offered no new evidence or information beyond the evidence this Court already considered insufficient in *McLeod*. As this Court's previous ruling is the law of the case, and as Valve has not offered any new information beyond Plaintiffs' original allegations, the Plaintiffs request that the Court remand to King County Superior Court. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193 (9th Cir. 2016).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs G.G., A.L., and B.S. are parents of minor children who brought claims against Valve for their role in creating and maintaining an illegal gambling platform through a video game called Counterstrike:Global Offensive. *See* Complaint, Dkt. #1 at ¶¶ 2-11. Plaintiffs were part of a larger group of Plaintiffs who originally filed their case on August 4, 2016. Dkt. #1. On October 5, 2016, the Washington State Gambling Commission sent Valve a Cease and Desist Letter in which it stated that Valve's actions had created, maintained, and facilitated a gambling ecosystem, targeted at teenagers. Decl. of Jason T. Dennett In Support of Motion to Remand ("Dennett Decl.") Exhibit 1. This letter echoed the allegations in Plaintiffs' Complaint. Dkt. #1.

A month prior, on September 1, 2016, Valve filed a Motion to Compel Arbitration, and

PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT - 2 (NO. 2:16-CV-01941)

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

Valve's co-Defendants filed a Motion to Dismiss on various grounds, including lack of subject matter jurisdiction under CAFA. Dkt. #21; Dkt. #19 at p. 15, n. 6.

In seeking the jurisdiction of this Court, Plaintiffs argued that while they did not specifically allege that the amount in controversy met CAFA's threshold, sufficient facts existed to support that the amount in controversy exceeded $5,000,000. Dkt. #31 at p. 19. Plaintiffs stated as follows:

> Plaintiffs have properly and sufficiently alleged in their First Amended Complaint that the amount in controversy exceeds $5 million.…Plaintiffs have alleged 380,000 people are playing CS:GO at any given time, that Valve has made more than $567 million in revenue from sales of CS:GO, that as much as $33 million is gambled during just one Friday night TBS telecast, and that all of this is part of a multi-billion dollar industry. FAC at ¶¶, 4, 91, 95, 295. These facts, common sense, experience, and simple math clearly establish that Plaintiffs have exceeded establishing that Plaintiffs are seeking more than $5 million in damages.

Plaintiffs also requested leave to amend to address any technical deficiencies in their Complaint instead of outright dismissal. *Id.* at p. 35.

On November 22, 2016, this Court ruled that Plaintiffs' factual allegations were insufficient to show that there was more than $5,000,000 in controversy. Dkt. #46 at pp. 8-9. Specifically, this Court ruled that

> Plaintiffs provide[d] no factual support for their claim, only allegations of 'common sense,' that this matter totals more than $5 million in damages. Plaintiffs' allegations do not meet the preponderance of the evidence standard because they are nothing more than conclusory allegations that because CSGO is a popular game and Valve made more than $567 million in revenue from CSGO last year, Plaintiffs have over $5 million in damages.

*Id.*

Rather than granting leave to address these insufficiencies, this Court found that it did not have jurisdiction and dismissed Plaintiffs' Complaint, indicating the Court's determination that Plaintiffs could never properly allege CAFA jurisdiction or more than $5 million in

PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT - 3 (NO. 2:16-CV-01941)

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

damages in this case. *Id.*

Following this Court's dismissal, Plaintiffs re-filed their complaint in King County Superior Court; that complaint did not contain additional allegations regarding damages beyond those included in their original *McLeod* Complaint. *See generally* Valve's Notice of Removal at Exhibit 3. In addition, and as a result of the Court's original ruling, Plaintiffs filed an action in Miami-Dade County, Florida, against Valve's co-Defendants in the original *McLeod* action, CSGOLotto, Inc., and Trevor Martin, and are pursuing individual actions in various home state courts of other defendants. *See Kamenkovich v. CSGOLotto et al.* Complaint, Dennett Decl. Exhibit 2.

Nothing changed between November 22, 2016, when this Court determined it lacked jurisdiction under CAFA, and December 20, 2016, when Valve removed the re-filed case from King County Superior Court back to this Court. The Court's previous ruling is the law of the case, precluding this Court from assuming jurisdiction under CAFA after previously ruling that it lack such jurisdiction.

### III.   DISCUSSION

"A defendant generally may remove a civil action if a federal district court would have original jurisdiction over the action." *Allen v. Boeing Co.*, 784 F.3d 625, 628 (9th Cir. 2015). Valve has asserted only one basis for federal court jurisdiction: diversity under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The burden of establishing federal court jurisdiction is on the party seeking removal. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)). Thus, now that plaintiffs have challenged Valve's assertions on the amount in controversy, Valve must come forward with some evidence. See *Dart Cherokee Basin Operating Co. v. Ownes*, 135 S.Ct. 547, 554 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)). To remain in federal court under CAFA, Valve

PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT - 4 (NO. 2:16-CV-01941)

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

must prove by a preponderance that more than $5,000,000 is at stake. *Id.*

This Court has already determined that it does not have original jurisdiction over this case, therefore removal is improper on its face. Nor can Valve meet its burden, since it failed to provide any additional information in its Notice of Removal beyond Plaintiffs' allegations and the "simple math" that this Court already found lacking in *McLeod*. *See* Notice of Removal at ¶¶ 22-28. "'Under the "law of the case" doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.'" *Woischke v. Astrue*, 2007 U.S. Dist. LEXIS 83459, *9-10 (W.D. Wash. Aug. 6, 2008) (*citing Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988)). "This doctrine 'prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings.'" *Id.* (citations omitted). "The law-of-the-case doctrine states that 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" *Stafford v. Dollar Tree Stores, Inc.*, 2014 U.S. Dist. LEXIS 42564 *2 (E.D. Cal. Mar. 28, 2104), *quoting Arizona v. California,* 460 U.S. 605, 618 (1983).

This is the same case as *McLeod*: Valve is the same Defendant, and Plaintiffs G.G., A.L. and B.S. were all plaintiffs in the *McLeod* case. *Compare McLeod*, DE#11 at ¶¶ 69, 75, 79 and Complaint at ¶¶ 13-15. Plaintiffs bring the same factual allegations as in the *McLeod* case regarding the amount in controversy. *Compare McLeod*, DE#11 at ¶¶ 4, 91, 95, 295 and Complaint at ¶¶ 2, 25, 32, 33. Valve cannot rely on allegations that this Court has already determined, as a matter of law, were insufficient to meet the standard for federal jurisdiction under CAFA to jurisdiction under CAFA.

The law-of-the-case doctrine was used in the Western District of Washington to deny remand in *Davis v. Homecomings Fin*, 2007 U.S. Dist. LEXIS 83459, *4 (W.D. Wash. Mar. 22, 2007) (Hon. J. Lasnik). There, the Court certified a Washington-only class action that Plaintiff argued meant "the amount in controversy is undisputedly less than the $5 million necessary for

PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT - 5 (NO. 2:16-CV-01941)

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

removal under" CAFA. *Id.* at *1. However, the court had already rejected that exact argument and ruled that it had jurisdiction. *Id.* That previous order became the law of the case, and the Court denied remand. *Id.* at *1-2. Applying that rationale supports remand here: the Court has already analyzed and determined whether it had jurisdiction, decided it did not, and decided that Plaintiffs could not amend and therefore there were no allegations Plaintiffs could make that met the CAFA standard. That is the law of the case, and Valve has not provided any additional evidence or information in its Notice of Removal as to the amount in controversy here that justifies relitigation of that issue now.

## IV. AUTHORITY

The Court has authority for the requested remand order pursuant to 28 U.S.C. § 1447(c).

## V. CONCLUSION

This Court has already determined that there are no allegations Plaintiffs could make that would meet the amount in controversy requirements under CAFA, and Valve has not provided any additional information in the form of affidavits, profit/loss statements, revenue reports or other financial data showing how much money it made from its illegal gambling platform. In the absence of any additional evidence, Valve's Notice of Removal is defective and this Court must remand this case to King County Superior Court so that Plaintiffs may move forward with their claims.

DATED this 29th day of December, 2016.

By: */s/ Kim D. Stephens*
By: */s/ Jason T. Dennett*
Kim D. Stephens, WSBA #11984
Email: kstephens@tousley.com
Jason T. Dennett, WSBA #30686
Email: jdennett@tousley.com
**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Tel: (206) 682-5600
Fax: (206) 682-2992

PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT - 6 (NO. 2:16-CV-01941)

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Jasper D. Ward IV *(admitted pro hac vice)*
**JONES WARD PLC**
Marion E. Taylor Building
312 S. Fourth Street, Sixth Floor
Louisville, Kentucky 40202
Tel. (502) 882-6000
Fax (502) 587-2007
jasper@jonesward.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT - 7 (NO. 2:16-CV-01941)

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Gavin W. Skok, WSBA #29766<br>James H. Wendell, WSBA #46489<br>Sarah E. Joye, WSBA #44357<br>**RIDDELL WILLIAMS P.S.**<br>1001 4th Avenue, Suite 4500<br>Seattle, Washington 98154-1065<br>gskok@riddellwilliams.com<br>jwendell@riddellwilliams.com<br>sjoye@riddellwilliams.com<br><br>*Attorneys for Defendant* | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Courier<br>☐ Facsimile<br>☒ Email via USDC CM/ECF<br>☐ Via Email (courtesy copy) |
| Charles B. Casper (admitted *pro hac vice*)<br>**MONTGOMERY McCRACKEN WALKER & RHOADS, LLP**<br>123 S. Broad Street, 24th Floor<br>Philadelphia, PA 19109<br>Tel.: (215) 772-1500<br>ccasper@mmwr.com<br><br>*Attorneys for Defendant* | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Courier<br>☐ Facsimile<br>☒ Email via USDC CM/ECF<br>☐ Via Email (courtesy copy) |
| Jasper D. Ward IV *(admitted pro hac vice)*<br>Alex C. Davis<br>Patrick Walsh<br>**JONES WARD PLC**<br>Marion E. Taylor Building<br>312 S. Fourth Street, Sixth Floor<br>Louisville, Kentucky 40202<br>jasper@jonesward.com<br>alex@jonesward.com<br>patrick@jonesward.com<br><br>*Attorneys for Plaintiffs* | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Courier<br>☐ Facsimile<br>☒ Email via USDC CM/ECF<br>☐ Via Email (courtesy copy) |

PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT - 8 (NO. 2:16-CV-01941)

TOUSLEY BRAIN STEPHENS PLLC
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

| | |
|---|---|
| Paul C. Whalen (PW1300)<br>**LAW OFFICE OF PAUL C. WHALEN, P.C.**<br>768 Plandome Road<br>Manhasset, New York 11030<br>pcwhalen@gmail.com<br><br>*Attorneys for Plaintiffs* | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Courier<br>☐ Facsimile<br>☐ Email via USDC CM/ECF<br>☒ Via Email (courtesy copy) |
| Melissa R. Emert<br>Patrick K. Slyne<br>**STULL, STULL & BRODY**<br>6 East 45th Street<br>New York, NY 10017<br>Tel. (212) 687-7230<br>Fax (212) 490-2022<br>memert@ssbny.com<br>pkslyne@ssbny.com<br><br>*Attorneys for Plaintiffs* | ☐ U.S. Mail, postage prepaid<br>☐ Hand Delivered<br>☐ Overnight Courier<br>☐ Facsimile<br>☐ Email via USDC CM/ECF<br>☒ Via Email (courtesy copy) |

DATED at Seattle, Washington, this 29th day of December, 2016.

*/s/ Kim D. Stephens*
Kim D. Stephens, WSBA #11984

6225/001/365283.1

PLAINTIFFS' MOTION TO REMAND AND MEMORANDUM IN SUPPORT - 9 (NO. 2:16-CV-01941)

**TOUSLEY BRAIN STEPHENS PLLC**
1700 Seventh Avenue, Suite 2200
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992