THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| G.G., A.L., and B.S., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>VALVE CORPORATION,<br><br>Defendant. | CASE NO. C16-1941-JCC<br><br>ORDER DENYING PLAINTIFFS' MOTION TO REMAND |

This matter comes before the Court on Plaintiffs' motion to remand (Dkt. Nos. 12, 14-1)[1]. Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

## I.     BACKGROUND

This matter is related to a case this Court previously dismissed. In the related case, *McLeod, et al. v. Valve Corporation*, C16-1227-JCC, a class of minors alleged Defendant Valve Corporation "allowed an illegal online gambling market" through "its Steam platform." (*McLeod*, Dkt. No. 11 at ¶¶ 3, 21.) The Court dismissed the only federal claim, a Racketeer Influenced Corrupt Organizations Act (RICO) claim, with prejudice under Federal Rule of Civil

---

[1] Unless otherwise indicated, all docket numbers refer to docket entries in this case, *G.G. et al. v. Valve Corporation*, C16-1941-JCC.

ORDER DENYING PLAINTIFFS' MOTION TO REMAND
PAGE - 1

Procedure 12(b)(6). (*McLeod*, Dkt. No. 46 at 7.) The Court also found that the plaintiffs had failed to demonstrate that the amount in controversy exceeded $5 million for purposes of Class Action Fairness Act (CAFA) jurisdiction. (*Id.* at 8–9.) The plaintiffs merely said that "common sense" could get them to $5 million in controversy, without any supporting evidence. (*McLeod*, Dkt. No. 31 at 28.) This Court also declined to exercise supplemental jurisdiction over the state law claims and dismissed the class action in November 2016. (*McLeod*, Dkt. 46 at 9.)

Within a week, members of the current purported class, represented by the same counsel as counsel in *McLeod*, filed a class action suit in King County Superior Court. (Dkt. No. 1-3.) Plaintiffs assert only Washington state law claims, including violation of the Washington Consumer Protection Act (CPA), violation of the Washington Gambling Act of 1973, unjust enrichment, negligence, and declaratory relief. (*See id.* at 31–39.) Plaintiffs allege that the class includes "hundreds of thousands, if not millions, of Skins gambling users." (Dkt. No. 1-3 at ¶ 103.) There are no amount in controversy allegations and the relief requested in the two complaints is identical. (*Compare McLeod*, Dkt. No. 11 at 93–94 *with* Dkt. No. 1-3 at 39–40.) However, Defendant removed this case alleging CAFA jurisdiction. (Dkt. No. 1 at 1; 3–10.) Plaintiffs filed a motion to remand (Dkt. No. 14-1.)

## II.  DISCUSSION

### A.  Standard of Review

CAFA provides federal district courts with original jurisdiction over class actions as defined in 28 U.S.C. § 1332(d). A "class action" includes any civil action filed under Federal Rule of Civil Procedure 23 or comparable state rule of judicial procedure that authorizes "an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Although plaintiffs are generally the master of their complaint, if a class action claim is filed under a "comparable state rule" it may still be subject to removal under CAFA. *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1039 (9th Cir. 2014) (noting that when considering CAFA-based removal, "whether a complaint seeks class status" is critical

to determining if removal is appropriate).

A class action can be removed under CAFA if: (1) the class contains at least 100 putative class members, (2) the parties are minimally diverse, and (3) the amount in controversy exceeds $5 million based on individual class members' aggregated claims. 28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6). The removing party bears the burden of establishing that removal is proper. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013). A defendant's notice of removal need only include a "plausible allegation" that the amount in controversy is met. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). However, if the defendant's amount in controversy is contested, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 554. If the complaint does not specify an exact amount in controversy, a defendant may rely on "a chain of reasoning that includes assumptions" so long as they are reasonable. *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).

### B.     Amount in Controversy

The parties do not dispute that Plaintiffs brought a class action pursuant to a comparable state rule of judicial procedure. The only dispute among the parties is if the amount in controversy exceeds $5 million and if the amount is proven by a preponderance of the evidence. (*See* Dkt. No. 14-1 at 4–8; Dkt. No. 17 at 5–17.)

Plaintiffs argue the law of the case doctrine binds this Court to find that the amount in controversy does not exceed $5 million because the Court "has already determined that it does not have original jurisdiction over this case." (Dkt. No. 14-1 at 5.) However, as Defendant notes, "[t]he law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the *same case*." *Stacy v. Colvin*, 824 F.3d 563, 567 (9th Cir. 2016) (emphasis added). The fact that Plaintiffs are represented by the same lawyers and allege similar facts as *McLeod* does not make the two lawsuits the same case or render decisions in *McLeod* the law of this case. Moreover, Plaintiffs misstate the Court's

holding in the *McLeod* case. There was no definitive holding that the damages could never exceed $5 million. The Court merely held that the *McLeod* plaintiffs had not proven the amount in controversy exceeded $5 million by a preponderance of the evidence. (*McLeod*, Dkt. No. 46 at 8–9.) Therefore, Plaintiffs' flawed interpretation of the Court's holding in *McLeod*, even if correct, is not binding in this case.

Plaintiffs also take issue with the fact that Defendant did not include evidence of the amount in controversy with its notice of removal. (Dkt. No. 14-1 at 2.) However, this argument is irrelevant because a notice of removal need not contain evidence. *See Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 553. Now that the amount in controversy has been challenged, Defendant needs to prove, by a preponderance of the evidence, that Plaintiffs' claims exceed $5 million in controversy. *Id.* at 554. To meet this burden, Defendant has provided numerous conservative calculations and done many internal searches to demonstrate that each individual component of Plaintiffs' alleged damages by itself puts more than $5 million in controversy. (*See generally* Dkt. No. 18.) For example, Plaintiffs claim their "experiences are typical and representative of the hundreds of thousands, if not millions, of Skins gambling users from the United States and the world." (Dkt. No. 1-3 at ¶ 102.) Two of the three named Plaintiffs have pled specific individual losses averaging $4,500. (*Id.* at ¶¶ 100–01.) Trebled under the CPA, their average individual damages from Skins gambling losses are $13,500. Therefore, as Defendant calculate, "a class of just 371 people would, after CPA trebeling, place more than $5 million in controversy" for the CPA claim alone. (Dkt. No. 17 at 9.) Therefore, the Court concludes that Defendant has met its burden. A reasonable chain of logic and evidence from Defendant's records and the complaint's allegations show by a preponderance of the evidence that the CAFA amount in controversy requirement is met. Plaintiffs' motion to remand is DENIED.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand (Dkt. Nos. 12, 14-1) is DENIED.

//

1    DATED this 13th day of February 2017.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER DENYING PLAINTIFFS' MOTION TO REMAND
PAGE - 5