The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| G.G., A.L., and B.S., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>VALVE CORPORATION, a Washington corporation,<br><br>Defendant. | No. 2:16-cv-01941-JCC<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>**NOTED ON MOTION CALENDAR MARCH 10, 2017** |

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC)
63478.00052
030917/1000/63478.00052

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

Plaintiffs seek to avoid their arbitration agreement by arguing it exempts their claims and that it is not enforceable. Both challenges fail.

**A.      Plaintiffs' Claims Are Squarely Within the Arbitration Agreement.**

Plaintiffs argue their claims are excluded from their arbitration agreement because they concern "unauthorized use." That argument is inconsistent with the agreement's text, contrary to the broad construction given to arbitration agreements, and has been rejected before.

Plaintiffs and Valve agreed in the SSA to arbitrate "ALL DISPUTES AND CLAIMS BETWEEN US." SSA § 11 (Dkt. #11-7 at 11.) The SSA gives several examples of such claims, e.g., those related to "any aspect of the relationship between us," to the SSA, or to "your use of Steam, your account or the Content and Services." *Id.* It covers legal theories of every kind, including "contract, tort, statute, fraud, unfair competition, misrepresentation or any other legal theory." *Id.* The arbitration provision is written as broadly as possible to include every type of claim under any legal theory.

Plaintiffs' claims are squarely within the scope of the SSA's arbitration agreement because they arise from Plaintiffs' relationship with Valve, the SSA, and Plaintiffs' authorized use of Steam. Plaintiffs do not dispute that. Instead, Plaintiffs try to avoid their agreement by arguing their claims squeeze into one of the SSA's two narrow exceptions to arbitration:

> [T]his Section does not apply to the following types of claims or disputes, which you or Valve may bring in any court with jurisdiction: (i) claims of infringement or other misuse of intellectual property rights, including such claims seeking injunctive relief; and ***(ii) claims related to or arising from any alleged unauthorized use, piracy or theft.***

*Id*. (emphasis added). There is good reason to exempt both types of claims from arbitration. Issues of "unauthorized use, piracy or theft" often demand immediate action and injunctive relief, which can be obtained more quickly in court than in arbitration. "Unauthorized use, piracy or theft" may also involve underlying criminal activity, which is the province of courts. The exclusion for infringement or misuse of intellectual property serves similar purposes.

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -1
4815-7353-0948.05
030917/1000/63478.00052

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Plaintiffs argue their claims fit within the second exception for "unauthorized use, piracy or theft" because ***unaffiliated third-party website operators***—not parties to Plaintiffs' agreements with Valve or this lawsuit—violated the SSA by using automated Steam accounts ("bots"), operating unaffiliated gambling websites, and using Steam accounts for commercial purposes. (Dkt. #27 at 6.) Plaintiffs are wrong.

First, Plaintiffs do not claim they are third-party beneficiaries of these website operators' contracts with Valve, or that Valve owes Plaintiffs a duty to enforce the SSA against others.

Second, Plaintiffs' claims do not relate to any alleged "unauthorized use, piracy or theft" by Valve (e.g., Plaintiffs do not claim Valve allegedly misused their information), nor is Valve suing Plaintiffs for "unauthorized use, piracy or theft."

Third, it is unnecessary to determine whether the third parties operating the gambling websites violated any obligations under their own agreements with Valve in order to resolve Plaintiffs' claims; whether third-party SSA violations occurred is not an element of any of Plaintiffs' claims against Valve. Nearly any claim could be re-characterized as concerning "unauthorized use, piracy or theft" if the exception required only an allegation that somewhere a non-party breached the SSA. Under that theory, a claim that Valve did not stop a data breach would fall within the "unauthorized use, piracy or theft exception" because the third-party hacker's use was not authorized under the SSA. But the court in *Montoya v. Comcast Corp.*, No. 2:15-CV-02573-TLN-DB, 2016 WL 5340651 (E.D. Cal. Sept. 23, 2016), rejected that very scenario, holding that claims alleging a third-party hacker illegally accessed the plaintiffs' personal information were not excluded from arbitration under an "unauthorized use" exception, even though the hacker's use of Comcast's services was, indeed, unauthorized. *Id.* at *9-10.

Plaintiffs' theory of the "unauthorized use, piracy or theft" exception is also contrary to the FAA's purpose of promoting arbitration and the parties' stated intent in the SSA to arbitrate "all disputes and claims between us." In fact, claims fit into this exemption only if they concern "unauthorized use, piracy or theft" between the parties and require the fact-finder to determine if

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -2
4815-7353-0948.05
030917/1000/63478.00052

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

the alleged "unauthorized use, piracy or theft" occurred.  *See Montoya*, 2016 WL 5340651, at *10 (noting that "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration" and holding that the "unauthorized use" exception was inapplicable where alleged unauthorized use was by a third party).

Plaintiffs' argument that Section 4 of the SSA ("Online Conduct, Cheating and Illegal Behavior") defines "unauthorized use" for purposes of the arbitration agreement in Section 11 to include third-party unauthorized use actually supports Valve's position.  Section 4 says: "***You*** may not use Cheats, automation software (bots), mods, hacks, or any other unauthorized third-party software, to modify or automate any Subscription Marketplace process."  SSA § 4 (Dkt. #11-7 at 6-7) (emphasis added).  Nothing in the Complaint alleges that Plaintiffs ("You") did this.  Rather, Plaintiffs allege that ***third parties*** created "bot accounts" to "modify or automate [a] Subscription Marketplace process" for trading skins, which Plaintiffs later traded skins to.  (Dkt. #1-3, ¶¶ 7, 43, 96).  No one contends that ***Plaintiffs*** violated the SSA, and thus engaged in unauthorized use, by trading skins with these "bot" accounts.

Plaintiffs cite a few cases they claim require exceptions to be read broadly (Dkt. #27 at 10), but misread them.  Plaintiffs' cases actually say that language ***authorizing*** arbitration should be read broadly, but do not discuss how ***exceptions*** are to be construed.  *See Ownzones Media Network, Inc. v. Systems in Motion, LLC*, No. C14-0994JLR, 2014 WL 4626302, at *2-7 (W.D. Wash. Sept. 15, 2014) (granting motion to compel arbitration and recognizing arbitration agreements should be broadly construed to include claims); *McClure v. Davis Wright Tremaine*, 77 Wash. App. 312, 314, 890 P.2d 466 (1995) (granting motion to compel arbitration and recognizing that an arbitration clause encompassing any controversy "relating to" a contract is broad); *Lagrone v. Advanced Call Ctr. Techs., LLC*, No. C13-2136JLR, 2014 WL 4966738, at *1 (W.D. Wash. Oct. 2, 2014) (granting motion to compel arbitration).  Courts cannot at the same time broadly construe both arbitration clauses and exclusions to those clauses.  Construing exceptions broadly—as Plaintiffs urge this Court to do—would contravene the FAA's purpose.

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -3
4815-7353-0948.05
030917/1000/63478.00052

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

*See, e.g.*, *KPMG LLP v. Cocchi*, 132 S. Ct. 23, 25 (2011) (per curiam) ("The [FAA] reflects an emphatic federal policy in favor of arbitral dispute resolution") (internal quotations omitted).

Plaintiffs also argue the arbitration provision should be construed against Valve as the drafter. But they allege that the arbitration provision is unambiguous (Dkt. #27 at 10), and the construe-against-the-drafter rule applies only to ambiguous provisions. *See Guy Stickney, Inc. v. Underwood*, 67 Wash. 2d 824, 827, 410 P.2d 7 (1966). Moreover, the usual rule for ambiguous provisions differs in arbitration cases due to the FAA's strong support for arbitration. "Even if an ambiguity exists, it is resolved in favor of arbitration." *Richardson v. Bart's Car Store, Inc.*, No. 1:14-CV-00707-SEB, 2014 WL 7184433, at *4 (S.D. Ind. Dec. 15, 2014).

Plaintiffs next mistakenly argue that *Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, 830 F.3d 1335 (Fed. Cir. 2016), requires a broad reading of the exclusion. *Verinata* involved a narrow arbitration agreement requiring arbitration of contract-based claims but expressly excluding "disputes relating to issues of scope, infringement, validity and/or enforceability" of any patents. *Id.* at 1337. Unsurprisingly, the court held that counterclaims alleging breach of a patent license were not required to be arbitrated because "[t]he nucleus of [defendant's] counterclaims is the patent infringement lawsuit filed by [plaintiff]" such that the counterclaims "rise or fall on the scope determination of licensed intellectual property rights, a matter that the parties expressly agreed to exempt from arbitration." *Id.* at 1341. *Verinata* supports Valve, not Plaintiffs. Unlike in *Verinata*, where the contract claims could be decided only by resolving intellectual property rights that were excluded from arbitration, here establishing that third parties committed "unauthorized use, piracy or theft" in violation of the SSA is neither necessary nor sufficient to establish any of Plaintiffs' claims against Valve.

Plaintiffs also argue that *Rebolledo v. Tilly's, Inc.*, 228 Cal. App. 4th 900, 175 Cal. Rptr. 3d 612 (2014), and *Richardson*, 2014 WL 7184433, require the exemption to be broadly construed. Neither case holds that exclusionary clauses must be broadly interpreted, and both are specific to their facts. *See Rebolledo*, 228 Cal. App. 4th at 917 (a statutory wage claim allowed

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -4
4815-7353-0948.05
030917/1000/63478.00052

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

to be brought before the California Labor Commissioner was excluded from arbitration under an exemption for claims "governed by the California Labor Commissioner" or "within the jurisdiction of the California Labor Commissioner"); *Richardson*, 2014 WL 7184433, at *4 (not discussing exceptions; issue was whether the evidence revealed an amount in controversy over the dollar threshold in a clause authorizing arbitration only of certain small claims).

The court's narrow construction of an "unauthorized use" exception in *Aerotel, Ltd. v. RSL Comms., Ltd.*, 99 F. Supp. 2d 368 (S.D.N.Y. 2000), further supports Valve. There, the court explained that a broad clause requiring arbitration of "all disputes"—as in the SSA—"creates a strong presumption of arbitrability that applies with even greater force" and compels a narrow reading of any exceptions. *Id.* at 372-73. The court interpreted "unauthorized use" narrowly as use not authorized by the licensor, instead of more broadly as use not authorized under patent laws. *Id.* Plaintiffs here argue that the claims sent to arbitration in *Aerotel* "were not as clearly related to 'unauthorized use' as the claims here." (Dkt. #27 at 18.) Not so. The issue in *Aerotel* was the exception's breadth, not the type of claims asserted. Here, as in *Aerotel*, the broad agreement in the SSA to arbitrate "all disputes and claims between us" creates a strong presumption that all claims are arbitrable and requires a narrow reading of any exceptions.

Finally, even if this issue were close or debatable—which it is not—Plaintiffs should not prevail. The federal presumption in favor of arbitration controls and arbitration should be ordered. *See AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (explaining presumption of arbitrability); *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (same); *Coppock v. Citigroup, Inc.*, No. C11-1984-JCC, 2013 WL 1192632, at *5 (W.D. Wash. Mar. 22, 2013) (same).

**B.     The SSA is Valid and Enforceable.**

Plaintiffs' other enforceability challenges fail too. The minor plaintiffs have not disaffirmed the SSA, and cannot do so while continuing to use Steam (as they indisputably do). The parent plaintiffs cannot have greater rights than the minors through whom their claims are

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -5
4815-7353-0948.05
030917/1000/63478.00052

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

derived, and therefore are bound by the same arbitration agreements as the minor plaintiffs. Plaintiffs' miscellaneous challenges to the enforceability of the arbitration agreement are for the arbitrator to decide; insofar as this Court reaches them, they are easily rejected because the arbitration clause is procedurally and substantively fair.

1. <u>The SSA is Enforceable Against the Plaintiffs Who Agreed to it as Minors Because They Have Not Disaffirmed the SSA.</u>

Plaintiffs do not refute (or even address) three key points in their opposition brief: (1) a minor must disaffirm an entire contract, (2) partial disaffirmance is ineffective as a matter of law, and (3) a minor cannot retain the beneficial parts of the contract while denying his or her obligations. (*See* Dkt. #10 at 10-14.) Plaintiffs' ongoing and admitted use of Steam pursuant to the license granted in the SSA renders their purported disaffirmance ineffective. Compl. ¶ 168.

Valve gave the minor Plaintiffs valuable consideration in exchange for their agreement to arbitrate all disputes by granting Plaintiffs a license right in the SSA to use Steam and its content. *See* SSA §§ 1(B) & 2(A) (Dkt. #11-7 at 2, 3.) Washington law requires any minor seeking to disaffirm a contract to return to the other party any consideration he or she still has at the time of disaffirmance. *See* RCW 26.28.030. Accordingly, Plaintiffs must surrender their license rights to use Steam and content on Steam in order to disaffirm the SSA. Plaintiffs have chosen not to do that; instead, Plaintiffs admit they continue to use Steam. (*See* Dkt. # 27 at 22.)

Contrary to Plaintiffs' assertions, there is nothing unfair about requiring them to surrender the benefits of the SSA if they wish to avoid its obligations. *See E.K.D. ex rel. Dawes v. Facebook, Inc.,* 885 F. Supp. 2d 894 (S.D. Ill. 2012) (minors could not disaffirm a forum-selection clause in Facebook's terms of service while continuing to use Facebook because "[t]he infancy defense may not be used inequitably to retain the benefits of a contract while reneging on the obligations attached to that benefit").

Unable to avoid that fatal flaw in their disaffirmance argument, Plaintiffs raise a "straw man" by claiming Valve's position is that disaffirmance is ineffective unless Plaintiffs refund all

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -6
4815-7353-0948.05
030917/1000/63478.00052

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

value they ever received from Steam. Plaintiffs then "refute" that argument with *Snodderly v. Brotherton*, 173 Wash. 86, 21 P.2d 1036 (1933). But that is not Valve's position. Valve's position is that Plaintiffs cannot meet the *Snodderly* standard that minors seeking disaffirmance need only return any consideration remaining in their hands, because the minor Plaintiffs continue to use Steam under the license the SSA granted. Each minor Plaintiff received a license to use Steam and content delivered on Steam—a benefit they hold but have not relinquished.

Plaintiffs' reliance on *I.B. ex rel. Fife v. Facebook, Inc.,* 905 F. Supp. 2d 989, 1001 (N.D. Cal. 2012) is similarly misplaced. *Fife* applied California law and the court focused on the California legislature's repeal of a statutory requirement that minors restore consideration to the other party upon disaffirmance. *Id.* at 1001-03. Unlike California law, here RCW 26.28.030 ***does*** require restoration of any remaining consideration to the other party for disaffirmance to be effective. Moreover, *Fife* does not address Valve's key argument that Plaintiffs' continued use of Steam renders their disaffirmance ineffective; in fact, the *Fife* court distinguishes the *E.K.D.* case (*supra*) on those grounds. *Id.* at 1003.

2. <u>The Parents Must Arbitrate Their Claims.</u>

Plaintiffs' opposition ignores the dispositive fact that the parents' claims arise exclusively from the minors' relationship with Valve, which exists through the SSA and the license it grants to use Steam. Plaintiffs do not plead the existence of any duty Valve owed to the parents; rather, the parents' claims are intertwined with the minors' claims. The minor plaintiffs agreed in the SSA to arbitrate their claims, and the parents cannot have greater rights than the minors through whom their claims are derived. Accordingly, the parents must arbitrate their claims. Plaintiffs neither refute that argument, nor address the case law cited in Valve's motion applying that analysis to require arbitration. (*See* Dkt. #10 at 13-14 & citations therein.) *See also THI of New Mexico at Vida Encantada, LLC v. Archuleta,* No. CIV. 11-399 LH/ACT, 2013 WL 2387752, at *11 (D.N.M. Apr. 30, 2013) (derivative claims must be arbitrated; "Defendant derives her claims through Ms. Lucero, and thus, Defendant is equally bound to submit the claims of the Estate to

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -7
4815-7353-0948.05
030917/1000/63478.00052

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

arbitration"); *Ritter v. Grady Auto. Grp., Inc.*, 973 So. 2d 1058, 1065-66 (Ala. 2007) (nonsignatory spouse was bound by arbitration agreement signed by his wife when his tort claims arose from the same breach of duties allegedly owed to her); *see also Archbishop Coleman F. Carroll High Sch., Inc. v. Maynoldi*, 30 So. 3d 533, 544-45 (Fla. Dist. Ct. App. 2010) (parents' claims for injuries to deceased son were subject to same alcohol defense as could have been brought against him because the "derivative claimant should not acquire greater rights than the decedent (or in this case, the minor) could ever have had"); *Freeman v. Leader Nat. Ins. Co.*, 58 S.W.3d 590, 597 (Mo. Ct. App. 2001) ("A party making a claim through a derivative right acquires no greater rights in law or equity than the party for whom it was substituted").

Plaintiffs weakly argue that they can avoid arbitration because they also brought a Consumer Protection Act claim. But the parents' and minors' claims share the same factual basis, regardless of what legal claims are asserted. It's the factual basis that counts. *See, e.g., International Paper Co. v. Schwabediessen Maschinen & Anlagen GMBH*, 206 F.3d 411, 418 (4th Cir. 2000) (enforcing an arbitration agreement in a purchase order against a nonsignatory customer because the purchase order "provide[d] part of the factual foundation for every claim asserted" by the customer). All of the asserted claims arise from the minors' use of Steam and their relationships with Valve, which exist through the licenses the SSA granted. Thus, litigating those claims necessarily involves the SSA.

This Court recently compelled arbitration on analogous facts in *Rahmany v. T-Mobile USA, Inc. and Subway Sandwich Shops, Inc.,* No. C16-1416 JCC (Dkt. # 25) (W.D. Wash. Jan. 5, 2017). The plaintiffs in *Rahmany* claimed Subway colluded with T-Mobile to violate the TCPA. The plaintiffs had no contract with Subway, but the Court compelled arbitration of their claims against Subway under the arbitration clause in plaintiffs' T-Mobile service agreement because the plaintiffs' claims could not be resolved without analyzing T-Mobile's conduct and the terms and conditions of the T-Mobile service agreement. *Id.* The same logic applies here.

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -8
4815-7353-0948.05
030917/1000/63478.00052

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

Instead of explaining how parents with derivative claims could have greater rights than the minors through whom their claims are derived, or addressing the case law cited in Valve's opening brief, Plaintiffs spend time trying to distinguish *Townsend v. Quadrant Corp.*, 173 Wash. 2d 451, 268 P.3d 917 (2012), arguing it is specific to contract claims. Valve's motion did not rely on (or even cite) *Townsend*. Nonetheless, *Townsend* is at the very least a good example of courts' reluctance to let a non-signatory to a contract avoid a contractual arbitration requirement when the non-signatory derives its rights through a signatory.

Lastly, Plaintiffs try to distinguish *Montoya*, 2016 WL 5340651, by arguing that the non-signatory plaintiffs in that case were required to arbitrate because they used Comcast's services, while here the parents do not use Steam. Who used Comcast's services was not the dispositive issue in *Montoya*. The *Montoya* court recognized that receiving the benefits of a contact was ***one*** basis for compelling arbitration under that contract, but held that "[n]on-signatories are also compelled to arbitrate when 'the claims [of the non-signatory] are *intertwined with* the underlying contractual obligations." *Id.* at *5 (quoting *Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1046 (9th Cir. 2009)) (ellipses and emphasis in original). As established above, the parents' claims are all interdependent on the underlying contractual obligations because they are derived through the minors, who use Steam under the license the SSA granted. Just as in *Montoya*, the parents' claims here "presume the existence of the underlying contract" because they are "predicat[ed] … on the direct receipt of services" from Valve under the SSA's license. *See id.* at *6. Even if receipt of benefits was required, the parents pled that they gave their kids money to buy skins and other items through Steam. (Dkt. #1-3, ¶¶ 99-101.) Those purchases accept and exercise the benefits of the license granted by the SSA.

### 3. Plaintiffs' Miscellaneous Enforceability Challenges Fail.

None of Plaintiffs' various contract law challenges to the arbitration agreement have merit. As an initial matter, those challenges to enforceability are delegated to the arbitrator by the incorporation of the American Arbitration Association (AAA) commercial and consumer

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -9
4815-7353-0948.05
030917/1000/63478.00052

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

arbitration rules in the SSA § 11. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) ("[I]ncorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability."). The AAA rules delegate to the arbitrator the decision on "any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." *See* AAA Commercial Arbitration Rule R-7; AAA Consumer Arbitration Rule R-14.

Even if the contract law arguments were left to this Court for decision, they should be rejected. Plaintiffs' argument that the SSA is an illegal contract because skins gambling is illegal misstates the law. Washington courts refuse to enforce a contract on the basis of illegality only if the performance required under the contract requires or relies on an illegal act. *See Sherwood & Roberts-Yakima, Inc. v. Cohan*, 2 Wash. App. 703, 710, 469 P.2d 574 (1970). That is not the case here, where the performance required under the SSA—the grant of a license to use Steam—does not require any illegal action by any party and is not "illegal in and of itself."

Plaintiffs also claim the SSA is procedurally unconscionable because it is an adhesion contract, but that argument was squarely rejected by the Washington Supreme Court in the very case on which Plaintiffs rely. *See Zuver v. Airtouch Commc'ns, Inc.*, 153 Wash. 2d 293, 304-05, 103 P.3d 753 (2004) (citation omitted) (rejecting a procedural unconscionability challenge to an arbitration agreement in an adhesion contract; "the fact that an agreement is an adhesion contract does not necessarily render it procedurally unconscionable"); *see also Carideo v. Dell, Inc.*, 520 F. Supp. 2d 1241, 1249 (W.D. Wash. 2007) (same).

Plaintiffs assert that the SSA is substantively unconscionable for several reasons, none of which has merit. A term is substantively unconscionable only if it is "one-sided or overly harsh," "[s]hocking to the conscience," "monstrously harsh," or "exceedingly calloused." *Adler v. Fred Lind Manor*, 153 Wash. 2d 331, 344-45, 103 P.3d 773 (2004) (citations omitted). First, Plaintiffs claim the arbitration provision is substantively unconscionable because they must "front the costs" when filing an arbitration, even though Valve agrees to reimburse all costs of

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -10
4815-7353-0948.05
030917/1000/63478.00052

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

certain arbitrations. SSA § 11 (Dkt. #11-7 at 11.) Plaintiffs misunderstand the AAA rules, which cap their maximum payment at the $200 filing fee. *See* Costs of Arbitration, attachment to AAA Consumer Arbitration Rules.[1] Moreover, Valve's agreement to pay arbitration fees renders the provision not substantively unconscionable under Washington law. *Zuver*, 153 Wash. 2d at 310 (citation omitted). *See also Coppock*, 2013 WL 1192632, at *7 (applying South Dakota law; enforcing an arbitration provision that required Citigroup "to reimburse the initial filing fee if the claimant prevails" and "to advance or reimburse the filing and other fees under certain circumstances."). Plaintiffs argue that *Mohamed v. Uber Techs., Inc.*, 109 F. Supp. 3d 1185 (N.D. Cal. 2015), supports their unconscionability argument, but Plaintiffs ignore that the Ninth Circuit later reversed the district court and compelled arbitration of all claims except the Private Attorney General Act claim, notwithstanding any cost issues. *See Mohamed v. Uber Techs., Inc.*, No. 15-16178, 2016 WL 7470557, at *6 (9th Cir. Dec. 21, 2016).

Plaintiffs also claim the SSA is substantively unconscionable because "Valve allowed the gambling sites to target minor children …" (Dkt. #27 at 26.) Plaintiffs' argument is unclear and Plaintiffs cite no authority to support or explain it. Insofar as Plaintiffs argue equitable principles prevent enforcement of the arbitration provision, it is well settled that under the FAA, "a district court's consideration of a motion to compel arbitration is limited to determining whether the parties entered into a valid agreement to arbitrate, and does not reach the merits of the parties' claims." *Wolff v. Westwood Mgmt., LLC*, 503 F. Supp. 2d 274, 283 (D.D.C. 2007), *aff'd*, 558 F.3d 517 (D.C. Cir. 2009) (citations omitted). Further, enforcing the arbitration provision does not "shield [Valve] from any significant responsibility" as Plaintiffs assert, but rather puts the decision regarding culpability with the arbitrator, as the parties agreed.

Plaintiffs then claim the SSA is illusory because Valve has allegedly not enforced it against gambling websites. But Plaintiffs never claim Valve owes ***Plaintiffs*** a contractual duty

---

[1] *See* American Arbitration Association Consumer Arbitration Rules, *available at* https://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTAGE2021425&revision=latestreleased.

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -11
4815-7353-0948.05
030917/1000/63478.00052

Riddell Williams P.S.
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

1  to enforce the SSA against third parties.  Valve's enforcement of the SSA against a third party
2  cannot amount to a waiver of an entirely separate contractual provision with Plaintiffs.  Further,
3  Plaintiffs have failed to meet their "heavy burden of proof" that Valve waived the arbitration
4  provision, which is the only contract provision at issue.  *See Fisher v. A.G. Becker Paribas Inc.*,
5  791 F.2d 691, 694 (9th Cir. 1986).

6       Plaintiffs also argue the SSA is illusory because it reserves the right to Valve to make
7  unilateral modifications.  That does not make the SSA unenforceable.  *See Ekin v. Amazon
8  Servs., LLC,* 84 F. Supp. 3d 1172, 1176 (W.D. Wash. 2014) (holding that Amazon's unilateral
9  reservation of a right to modify its terms and conditions did not render them unenforceable or
10 unconscionable; "Washington and Ninth Circuit courts have a history of enforcing contracts
11 containing change-in-terms provisions"); *see also Alaska Airlines. Inc. v. Carey,* 395 F. App'x
12 476, 479 (9th Cir. 2010) ("Alaska Airlines' unilateral right to modify the terms of the Mileage
13 Plan do[es] not make the plan an illusory contract").  Further, the SSA gives users 60 days'
14 advance notice of changes and a choice whether to accept them.  (Dkt. #11-7 at 10.)
15 "[A]rbitration agreements which allow a party to prospectively modify the agreement with notice
16 are enforceable and not illusory." *Morgan v. Xerox Corp.*, No. 2:13–cv–00409–TLN–AC, 2013
17 WL 2151656, at *5 (E.D. Cal. May 16, 2013).  And, even if a unilateral right to make changes
18 were one factor in a substantive unconscionability analysis, Plaintiffs have not identified any
19 other factors that could make the arbitration agreement "[s]hocking to the conscience,"
20 "monstrously harsh," or "exceedingly calloused." *Adler*, 153 Wash. 2d at 344-45.

21 **D.**     **Conclusion.**

22      The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, contains a strong public policy in
23 support of arbitration when there is a valid arbitration agreement and the dispute falls within the
24 scope of that agreement.  The SSA readily satisfies both criteria.  Accordingly, the Court should:
25 (1) compel Plaintiffs to arbitrate all claims against Valve pursuant to the arbitration agreement in
26 the SSA, and (2) stay all claims against Valve pending arbitration.

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -12
4815-7353-0948.05
030917/1000/63478.00052

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

1

2  DATED this 9th day of March, 2017.

3                      RIDDELL WILLIAMS P.S.

4

5                      By  */s/ Gavin W. Skok*

6                           Gavin W. Skok, WSBA #29766
                         Sarah E. Joye, WSBA #44357

7                           James H. Wendell, WSBA #46489

                    And

8

9                    MONTGOMERY MCCRACKEN WALKER &
                  RHOADS, LLP

10

11                      By  */s/ Charles B. Casper*

12                          Charles B. Casper (admitted *pro hac vice*)
                         123 S. Broad Street, 24th Floor

13                           Philadelphia, PA  19109
                         (215) 772-1500

14                    Attorneys for Defendant Valve Corporation

15

16

17

18

19

20

21

22

23

24

25

26

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -13
4815-7353-0948.05
030917/1000/63478.00052

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

## CERTIFICATE OF SERVICE

I certify that I am a secretary at the law firm of Riddell Williams P.S. in Seattle, Washington. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for all other parties to this action as indicated below:

| **Service List** | |
|---|---|
| Kim D. Stephens, WSBA #11984<br>Jason T. Dennett, WSBA #30686<br>**TOUSLEY BRAIN STEPHENS PLLC**<br>1700 Seventh Avenue, Suite 2200<br>Seattle, WA  98101<br>Tel: (206) 682-5600<br>Fax: (206) 682-2992<br>KStephens@tousley.com<br>jdennett@tousley.com<br><br>*Attorneys for Plaintiffs* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via ECF/ Email<br>☐ Via over-night delivery |
| Jasper D. Ward IV<br>Alex C. Davis<br>Patrick Walsh<br>**JONES WARD PLC**<br>Marion E. Taylor Building<br>312 S. Fourth Street, Sixth Floor<br>Louisville, Kentucky 40202<br>Tel: (502) 882-6000<br>Fax: (502) 587-2007<br>jasper@jonesward.com<br>alex@jonesward.com<br>patrick@jonesward.com<br>*Attorneys for Plaintiffs* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via ECF / Email<br>☐ Via over-night delivery |

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -14
4815-7353-0948.05
030917/1000/63478.00052

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

| | |
|---|---|
| Paul C. Whalen (PW1300)<br>**LAW OFFICE OF PAUL C. WHALEN, P.C.**<br>768 Plandome Road<br>Manhasset, New York 11030<br>Tel: (516) 426-6870<br>Fax: (212) 658-9685<br>pcwhalen@gmail.com<br><br>*Attorneys for Plaintiffs* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via ECF / Email<br>☐ Via over-night delivery |

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED this 9th day of March, 2017, in Seattle, Washington.

_____
Courtney R. Tracy

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION
(No. 16-cv-01941-JCC) -15
4815-7353-0948.05
030917/1000/63478.00052

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600