The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| G.G., A.L., and B.S., individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>VALVE CORPORATION, a Washington corporation,<br><br>                    Defendant. | No. 2:16-cv-01941-JCC<br><br>**DEFENDANT VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO LIFT STAY AND DISMISS CASE WITH PREJUDICE**<br><br>**NOTE ON MOTION CALENDAR: FEBRUARY 22, 2019** |

## I. REPLY ARGUMENT

In the 22 months since the Court granted Defendant's Motion to Compel Arbitration (Dkt. # 30), the parties have litigated Plaintiffs' claims before arbitrators in three states, with Plaintiff A.L. dismissing one voluntarily and the other two proceeding through full evidentiary hearings on the merits, resulting in awards in Valve's favor on all claims. Before the hearings, Valve produced documents in discovery that the arbitrators ordered, and those arbitrators heard and ruled on dispositive motions as well.

The arbitrators in those two cases (Arbitrators Schiff and Laffey) took in-person testimony from Plaintiffs and Valve's witnesses at full-day evidentiary hearings in Illinois and Missouri. Arbitrator Laffey found that the claimant in B.S., known as E.B., [Redacted]

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO
LIFT STAY AND DISMISS (No. 16-cv-01941-JCC) - 1

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

227942\00052\89399293.v9

1 | ▮▮▮ Redacted ▮▮▮
2 | ▮▮▮ (Dkt. #35-1 at 2.) Arbitrator Laffey
3 | found E.B.'s proof lacking on every issue:

4-22 | ▮▮▮ [Redacted] ▮▮▮

23 | Arbitrator Schiff similarly found that the claimant in G.G., known as J.P., ▮ Redacted
24 | ▮▮▮ (Dkt. #35-2 at 1):
25-26 | ▮▮▮ [Redacted] ▮▮▮

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO
LIFT STAY AND DISMISS (No. 16-cv-01941-JCC) -2

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

227942\00052\89399293.v9

1. ████████████████████████████████████████
2. ████████████████████████████████████████
3. ████████████████████████████████████████
4. ██████████████████████
5. ████████████████
6. ██████████████████████

Finally, Plaintiffs argue that the arbitrators should never have made any of these rulings or entered awards in Valve's favor because the claims were inarbitrable as supposedly outside the arbitration agreement's scope. In fact, the arbitration agreement delegated arbitrability challenges to Arbitrators Schiff and Laffey. The parties *twice* litigated the arbitrability of Plaintiffs' claims in each of these two cases and both arbitrators *twice* rejected Plaintiffs' argument that their claims were not subject to the arbitration agreement's "unauthorized use, piracy or theft" exception after considering the same arguments and evidence in Plaintiffs' Response. (Dkt. # 35-10 at 83-86 (first rejection of arbitrability arguments by arbitrators in *B.S.* and *G.G.* cases); Dkt. # 35-1 (second rejection in *B.S.*); Dkt. # 35-2 (second rejection in G.G.).)

Plaintiffs now ask the Court to set aside both awards and start over. But the Federal Arbitration Act ("FAA") sharply limits judicial review of arbitrators' rulings. Under controlling Ninth Circuit law, judicial review of an arbitrator's award is extremely limited and highly deferential. *Coutee v. Barington Cap. Grp., L.P.*, 336 F.3d 1128, 1132 (9th Cir. 2003); *MedChoice Risk Retention Grp. Inc. v. Katz*, C17-387-TSZ, 2017 WL 3970867, at *5 (W.D. Wash. Sept. 8, 2017).

"Under the FAA, courts may vacate an arbitrator's decision only in very unusual circumstances." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) (internal quotations and citation omitted). This case does not present the very unusual circumstances supporting vacatur of the arbitrators' decisions.

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO
LIFT STAY AND DISMISS (No. 16-cv-01941-JCC) -3

FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

227942\00052\89399293.v9

A.     **This Court and Both Arbitrators Properly Rejected Plaintiffs' Arbitrability Challenge.**

Plaintiffs raise again the same arbitrability challenge that this Court (Dkt. #30) and both arbitrators rejected, arguing that their claims are not arbitrable under the exception in the Steam Subscriber Agreement's ("SSA's") arbitration clause for claims arising from "unauthorized use, piracy or theft."

In the SSA, Plaintiffs and Valve agreed that their arbitrations would be governed by the AAA Consumer Arbitration Rules ("CR"). *See* SSA § 11 (available online at https://store.steampowered.com/subscriber_agreement/). Consumer Rule R-14(a) delegates to the arbitrator power to determine his or her own jurisdiction, "including any objections . . . to the arbitrability of any claim or counterclaim." This delegation in AAA rule CR R-14(a), gave the arbitrators authority to decide that arbitrability question. *See Oracle Am., Inc. v. Myriad Grp. A.G.*, 724 F.3d 1069, 1074–75 (9th Cir. 2013) ("Virtually every circuit to have considered the issue has determined that incorporation of the American Arbitration Association's (AAA) arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability.").

Notwithstanding their agreement in the SSA to delegate arbitrability questions to the arbitrators, Plaintiffs initially asked this Court to rule on the applicability of the "unauthorized use, piracy or theft" exception. "Plaintiffs claimed that third parties, not they themselves or Defendant, engaged in unauthorized use when the third parties used bots on the Steam platform." (Dkt. #30 at 7.) This Court ruled against them, finding that the exclusion did not cover "Defendant's alleged failure to prevent unauthorized use by bots." Rather "the arbitration exclusion applies to unauthorized use only by subscribers," and, as noted above, Plaintiffs "claimed that third parties, not they themselves" engaged in unauthorized use by employing bots. (Dkt. #30 at 8 .)

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO
LIFT STAY AND DISMISS (No. 16-cv-01941-JCC) -4

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

227942\00052\89399293.v9

Plaintiffs tried again, asking both arbitrators to rule that their claims were not arbitrable in light of the "unauthorized use, piracy or theft" exception. Both issued pre-hearing orders rejecting this arbitrability argument. Dkt. #35-10 at 83-84 (B.S.) & 86 (G.G.). In their post-hearing briefs, Plaintiffs raised the exception yet again and made the *same argument*—and cited the same evidence—to Arbitrators Schiff and Laffey that they now make here claiming Valve's testimony given "for the first time at the arbitration hearing" that "[b]oth of them [third parties and users] are violating" the SSA made the exception apply. *Compare* Dkt. # 35 at 7-8 (Plaintiff's Response) *with* Dkt. # 35-10 at 2–4 (Dkt. #35-10) (Claimant B.S.'s Post-Hearing Brief to Arbitrator Laffey; citing same testimony as Response and making same arguments that "unauthorized use, piracy or theft" exception applies because Claimant's claims arose, in part, from their own unauthorized use) & Dkt. #35-10 at 2–4 (Claimant G.G.'s Post-Hearing Brief to Arbitrator Schiff; making same "unauthorized use, piracy or theft" arguments as in Response and citing same testimony).

The arbitrators had this testimony before them when they rejected Plaintiffs' "unauthorized use, piracy or theft" arbitrability argument for a second time in the awards issued after the two hearings. *See* Dkt. #s 35-1 & 35-2 (awards). Plaintiffs' current arbitrability challenge is in reality an objection to Arbitrators Schiff's and Laffey's awards. Like any factual or legal ruling by an arbitrator, an arbitrability ruling in an award is "binding and enforceable unless the district court finds grounds to vacate it" under the FAA, 9 U.S.C. § 10. *Coast Trading Co., Inc. v. Pac. Molasses Co.*, 681 F.2d 1195, 1197 (9th Cir. 1982). Under that standard, courts may "vacate an arbitration award *only* if that award is completely irrational, exhibits a manifest disregard of law, or otherwise falls within one of the grounds set forth in the FAA." *Coutee*, 336 F.3d at 1132 (internal quotations and citations omitted). Consequently, the party seeking to vacate an arbitration award "must clear a high hurdle." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). "It is not enough for petitioners to show that the panel

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO
LIFT STAY AND DISMISS (No. 16-cv-01941-JCC) -5

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

227942\00052\89399293.v9

committed an error—or even a serious error." *Id.*; *see also Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 838 (9th Cir. 2004) ("[M]ere allegations of error are insufficient."). Instead,

> [a] district court may make an order vacating an arbitration award where: the award was procured by corruption or fraud; the arbitrator was partial or corrupt; the arbitrator refused to hear material evidence; or the arbitrator exceeded his powers. Arbitrators exceed their powers when making an arbitration award that is either completely irrational or exhibits a manifest disregard for the law. An arbitrator's decision is completely irrational where the arbitration decision fails to draw its essence from the agreement. An arbitrator's decision manifestly disregards the law when it is clear from the record that the arbitrator recognized the applicable law and then ignored it.

*Owa v. Fred Meyer Stores*, 2:16-CV-1236-RAJ, 2018 WL 2411758, at *4 (W.D. Wash. May 29, 2018) (internal quotations and citations omitted).

In reviewing an award, courts may not reweigh evidence or substitute their own interpretation of the law. *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003); *Coutee*, 336 F.3d at 1134. "Neither erroneous legal conclusions nor unsubstantiated factual findings justify federal court review of an arbitral award under the [FAA], which is unambiguous in this regard." *Kyocera Corp.*, 341 F.3d at 994. Nor are district courts general courts of appeal for parties unhappy with arbitration awards. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987) ("Courts . . . do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.").

Plaintiffs do not analyze the arbitrators' rulings under Section 10 of the FAA, let alone show how the Section 10 requirements for vacating an award could be met. Instead, they encourage this Court to take up the issue of arbitrability *de novo*, which this Court may not do. *Kyocera Corp.*, 341 F.3d at 994; *Coutee*, 336 F.3d at 1134. Plaintiffs have not shown that the arbitrators' arbitrability rulings were completely irrational or made in manifest disregard of the law. At most, Plaintiffs have shown a disagreement with their legal conclusions. That disagreement is not enough to vacate the arbitrators' awards, even if the Court were to disagree

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO
LIFT STAY AND DISMISS (No. 16-cv-01941-JCC) -6

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

227942\00052\89399293.v9

with them.[1]  *See Stolt-Nielsen S.A.*, 559 U.S. at 671; *see also Dulien Steel Prods. Inc. of Wash. v. The Ogeka*, 147 F. Supp. 167, 169 (W.D. Wash. 1956) ("It must be conceded that this court is without power to vacate or modify an [arbitration] award merely because of disagreement with matters of law or facts determined by the arbitrators.").  "Any other reading opens the door to the full-bore legal and evidentiary appeals that can render informal arbitration merely a prelude to a more cumbersome and time-consuming judicial review process and bring arbitration theory to grief in post arbitration process." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 588 (2008) (internal quotations and citations omitted).

Plaintiffs' re-argument of the same challenges to arbitrability that were already made—and rejected—by this Court and two arbitrators does not satisfy the high standard for vacatur of the arbitrators' awards.

**B.     Plaintiffs' "Public Policy" Challenge to Arbitration Fails.**

Plaintiffs argue that enforcing their arbitration agreements would violate public policy because Valve did not enforce the SSA against every person that violated it.  But whether Valve equally enforced the SSA against persons who violate it in some fashion is not the issue.  The issue here is enforcement of the arbitration agreement within the SSA, which is a separate and severable agreement.  *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006).  Plaintiffs made no attempt to show that Valve has inconsistently enforced the arbitration agreement, let alone enforced it so inconsistently as to waive it or allow Plaintiffs to avoid it on public policy grounds.

---

[1] In fact, the arbitrators correctly determined that Plaintiffs' claims were arbitrable.  As the Court noted in its Order (Dkt. #30 at 7), the SSA's only reference to "unauthorized use" is in Section 4: "You may not use Cheats, automation software (bots), mods, hacks, or any other unauthorized third-party software, *to modify or automate any Subscription Marketplace process*."  SSA § 4 (emphasis added).  Plaintiffs do not allege, and Valve has never suggested, that Plaintiffs modified or automated any Steam Marketplace process.

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO
LIFT STAY AND DISMISS (No. 16-cv-01941-JCC) -7

FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

227942\00052\89399293.v9

Plaintiffs cite *Townsend v. Quadrant Corp.*, 173 Wash. 2d 451, 461 (2012), for the proposition that equitable estoppel "precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." (Dkt. # 35 at 11.) Valve is not doing that, Plaintiffs are. Plaintiffs have claimed the benefit of the license granted in the SSA to use Steam (and continue to use it), but seek to avoid their arbitration agreement also in the SSA. This is no basis for vacating the awards.

Plaintiffs' "public policy" argument is really a disguised challenge to the substance of the arbitrators' awards. Both arbitrators held that Plaintiffs did not prove any illegal acts occurred, and neither arbitrator found the SSA unconscionable or otherwise improper. Plaintiffs are unhappy with those conclusions and with the result of the arbitrators' weighing of the evidence to reach them. But courts have "no authority to re-weigh the evidence." *Coutee*, 336 F.3d at 1134; *see also Glob. Bldg. Products Ltd. v. Chemco, Inc.*, C12-1017-RSM, 2012 WL 5183629, at *3 (W.D. Wash. Oct. 18, 2012) ("The Court conducts its review of the arbitrator's decision in both limited and highly deferential manner and does not have the authority to re-weigh the evidence") (citing *Coutee*, 336 F.3d at 1132). "Public policy" provides no basis for vacatur here.

**C.    Plaintiffs' Remaining Challenges Fall Far Short of the Standard for Vacatur.**

Plaintiffs spend less than two pages of their Response arguing that both arbitrators' factual and legal findings were so erroneous as to constitute manifest disregard of the law, and therefore should be vacated under Section 10 of the FAA. That half-hearted challenge fails.

First, Plaintiffs wrongly suggest that the arbitrators' liability conclusions were erroneous because they were based solely on an unclean-hands defense. As discussed above, both arbitrators found that Plaintiffs failed to prove their cases. *See, e.g.,* Dkt. # 35-2 (*G.G. v. Valve* award: ███████ Redacted ███████

███████ Dkt. # 35-1 (*B.S. v. Valve* award: ███████ Redacted ███████

███████████████████████████████████████

███████████████████████████████████████

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO LIFT STAY AND DISMISS (No. 16-cv-01941-JCC) -8

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

227942\00052\89399293.v9

1 [Redacted] Even if those conclusions were erroneous—which they are not—that would not support vacating the awards under the FAA's deferential standard. *See Kyocera Corp.*, 341 F.3d at 994.

Plaintiffs also argue both arbitrators erred in holding Plaintiffs did not prove their damages. This argument improperly asks the Court to act as an appellate court re-weighing the evidence, which is not this Court's role. *Kuest v. Citigroup Glob. Markets, Inc.*, C06-1342-RSM, 2006 WL 3327069, at *2 (W.D. Wash. Nov. 14, 2006), *aff'd*, 291 F. App'x 118 (9th Cir. 2008) ("It is well-settled that a federal court does not have the authority to reweigh the evidence presented during arbitration."). Moreover, the only "evidence" Plaintiffs cite as the basis for this challenge are arguments in briefs that their damages "are in excess of" large numbers. Dkt. 35 at 13. Plaintiffs cannot point to any proof of specific dollar damages because none was introduced at the hearing. Arbitrators Schiff and Laffey did not manifestly disregard the law by concluding under these circumstances that Plaintiffs failed to prove damages.

Finally, Plaintiffs argue that "each Arbitrator refused to consider arguments and theories Plaintiffs sought to raise after discovery, despite the fact that Plaintiffs had been denied certain discovery." (Dkt. # 35 at 14.) "Arbitrators enjoy wide discretion to require the exchange of evidence, and to admit or exclude evidence, how and when they see fit." *U.S. Life Ins. Co. v. Superior Nat'l Ins. Co.*, 591 F.3d 1167, 1175 (9th Cir. 2010). To support vacatur, the arbitrator's refusal to consider evidence "must demonstrate bad faith or be so gross as to amount to affirmative misconduct." *United States v. SF Green Clean, LLC*, C 14-01905-JSW, 2014 WL 3920037, at *6 (N.D. Cal. Aug. 8, 2014), *aff'd*, 656 F. App'x 319 (9th Cir. 2016) (quoting *United Paperworkers*, 484 U.S. at 40). In addition, the party challenging an arbitration award based on the exclusion of evidence must show that the evidentiary ruling prejudiced that party because the ruling "influenced the outcome of the arbitration." *Employers Ins. of Wausau v. Nat'l Union Fire Ins. Co.*, 933 F.2d 1481, 1490 (9th Cir. 1991). Plaintiffs never even identify the arguments or theories the arbitrators allegedly refused to consider, let alone show bad faith or

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO
LIFT STAY AND DISMISS (No. 16-cv-01941-JCC) -9

FOX ROTHSCHILD LLP
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

227942\00052\89399293.v9

affirmative misconduct in those decisions that influenced the outcome of the arbitration. This challenge fails as well.

## II. CONCLUSION

Plaintiffs first sued Valve over alleged skins gambling in this District in August 2016. *See* 16-cv-01227-JCC. Since that time, the parties have litigated this dispute in King County Superior Court (where Plaintiffs re-filed their claims after this Court dismissed their original Western District case), in this Court, and in front of three arbitrators. Plaintiffs had more than a full and fair opportunity, but failed to prove their claims. This Court correctly enforced the parties' arbitration agreement in the SSA. Arbitrators Schiff and Laffey, authorized to decide issues of arbitrability the SSA delegated to them, enforced it again, rejecting the same arbitrability arguments made in Plaintiffs' Response here. There is no basis under the FAA for vacating the arbitrators' awards on the merits or on arbitrability.

This case has reached its end and should be dismissed.

DATED this 22nd day of February, 2019.

FOX ROTHSCHILD LLP


By  */s/ Gavin W. Skok*
Gavin W. Skok, WSBA #29766

And

MONTGOMERY MCCRACKEN WALKER & RHOADS, LLP


By  */s/ Charles B. Casper*
Charles B. Casper (admitted *pro hac vice*)
1735 Market Street
Philadelphia, PA  19103
(215) 772-1500

Attorneys for Defendant Valve Corporation

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO LIFT STAY AND DISMISS (No. 16-cv-01941-JCC) -10

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

227942\00052\89399293.v9

## CERTIFICATE OF SERVICE

I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle, Washington. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for all other parties to this action as indicated below:

| **Service List** | |
|---|---|
| Kim D. Stephens, WSBA #11984<br>Jason T. Dennett, WSBA #30686<br>**TOUSLEY BRAIN STEPHENS PLLC**<br>1700 Seventh Avenue, Suite 2200<br>Seattle, WA  98101<br>Tel: (206) 682-5600<br>Fax: (206) 682-2992<br>KStephens@tousley.com<br>jdennett@tousley.com<br><br>*Attorneys for Plaintiffs* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via ECF/ Email<br>☐ Via over-night delivery |
| Jasper D. Ward IV<br>Alex C. Davis<br>Patrick Walsh<br>**JONES WARD PLC**<br>Marion E. Taylor Building<br>312 S. Fourth Street, Sixth Floor<br>Louisville, Kentucky 40202<br>Tel: (502) 882-6000<br>Fax: (502) 587-2007<br>jasper@jonesward.com<br>alex@jonesward.com<br>patrick@jonesward.com<br>*Attorneys for Plaintiffs* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via ECF / Email<br>☐ Via over-night delivery |

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO
LIFT STAY AND DISMISS (No. 16-cv-01941-JCC) -11

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

227942\00052\89399293.v9

1  I declare under penalty of perjury under the laws of the State of Washington that the
2  foregoing is true and correct.
3  EXECUTED this 22nd day of February, 2019, in Seattle, Washington.

*[signature]*
Courtney R. Tracy

VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO
LIFT STAY AND DISMISS (No. 16-cv-01941-JCC) -12

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

227942\00052\89399293.v9