The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| G.G., A.L., and B.S., individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>VALVE CORPORATION, a Washington corporation,<br><br>　　　　　　　　　Defendant. | No. 2:16-cv-01941-JCC<br><br>**DEFENDANT VALVE CORPORATION'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL** |

## I. INTRODUCTION

In accordance with the Stipulated Protective Order (Dkt. #23), Plaintiffs filed a Motion to Seal materials submitted in support of Plaintiffs' Response in Opposition to Defendant Valve Corporation's ("Valve") Motion to Lift Stay and Dismiss Case with Prejudice. (Dkt #34.)

Pursuant to Local Rule 5(g)(3), Valve hereby responds to Plaintiffs' Motion to Seal and respectfully requests that the Court maintain certain materials under seal that contain highly confidential and proprietary information, the disclosure of which would harm Valve's competitive standing in the market. Valve therefore asks that the Court enter an Order directing that the materials discussed below remain under seal.

VALVE'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(No. 16-cv-01941-JCC) -1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

## II. STATEMENT OF RELEVANT FACTS

On April 3, 2017, the Court enforced the parties' agreement to engage in private arbitration with the American Arbitration Association, ordered the parties to arbitrate their claims pursuant to that agreement, and stayed this case pending arbitration. (Dkt. #30.)

The private arbitrations with AAA focused on Valve's internal actions with respect to its popular video game, Counter Strike: Global Offensive ("CS:GO"), including its actions regarding security, alleged misuse by third-party websites of Valve's Steam gaming platform, and economic issues related to CS:GO and Valve's business. During the evidentiary hearings in both arbitrations, Plaintiffs' counsel took testimony on these matters from Valve's General Counsel and an experienced Valve engineer who acts as a *de facto* lead on the CS:GO team. Plaintiffs' counsel also introduced as exhibits numerous internal Valve emails and documents that contain confidential and proprietary information, as well as highly confidential internal financial information regarding sales and other matters.

Valve prevailed in both arbitrations, as detailed in Valve's Motion to Lift Stay and Dismiss. (Dkt. #33.) On January 20, 2019, Valve moved this Court to lift the stay for the limited purpose of dismissing with prejudice all claims against Valve. (Dkt. #33.)

On February 19, 2019, Plaintiffs filed a Response in Opposition to Valve's Motion to Lift Stay and Dismiss Case with Prejudice ("Plaintiffs' Response"). (Dkt. #35.) Plaintiffs challenged both arbitration awards and asked the Court to vacate them. (*Id.*) In support of their Response, Plaintiffs submitted the following materials under seal (collectively, "Sealed Documents"):[1]

(1) Plaintiffs' Response, which quotes testimony and documents containing highly confidential and proprietary information. (*Id.*) The confidential, proprietary, and financial material contained in Plaintiffs' Response should remain under seal.

---

[1] Plaintiffs also submitted the Award of Arbitrator from the B.S. arbitration as Exhibit A to Plaintiffs' Response (Dkt. #35-1), and the Award of Arbitrator from the G.G. arbitration as Exhibit B to Plaintiffs' Response (Dkt. #35-2). Valve is not requesting that Exhibits A and B remain under seal.

VALVE'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(No. 16-cv-01941-JCC) - 2

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

(2) Exhibit C to Plaintiffs' Response, which is the transcript of the evidentiary hearing in the B.S. arbitration on November 29, 2018. (Dkt. #35-3.) The transcript contains highly sensitive and confidential testimony about Valve's business, profitability, and sales, including "skins" trade and sales information, as well as testimony about documents disclosed to Plaintiffs' counsel with confidential designations pursuant to the Stipulated Protective Order. (Declaration of Karl Quackenbush ["Quackenbush Decl."] ¶¶ 3–5.) The transcript also includes lawyer argument that quotes and discusses such confidential matters. All such argument and all confidential, proprietary, and financial information and testimony contained in the transcript should remain under seal. Valve is not requesting that the testimony from Claimant B.S.'s son remain under seal.

(3) Exhibit D to Plaintiffs' Response, which contains documents introduced as exhibits during the evidentiary hearing in the B.S. arbitration. (Dkts. #35-4, #35-5, & #35-6.) The documents identified in Exhibit D as exhibits C-59, C-62, C-72, C-88, C-92, C-95, C-97, C-100, C-106, C-122, C-126, C-130 (also identified as 130), C-165 (also identified as 165), R-15, R-16, R-17, R-19, R-22, R-23, R-31, R-32, and R-39 all contain highly confidential and proprietary information and should remain under seal. (Quackenbush Decl. ¶¶ 2-3.) These documents were disclosed to Plaintiffs' counsel with confidential designations pursuant to the Stipulated Protective Order. (*Id.* ¶ 3.)

(4) Exhibit E to Plaintiffs' Response, which is the transcript of the evidentiary hearing in the G.G. arbitration on December 13, 2018. (Dkt. #35-7.) Like Exhibit C, this transcript also contains highly sensitive and confidential testimony about Valve's business, profitability, and sales, including "skins" trade and sales information, as well as testimony about documents disclosed to Plaintiffs' counsel with confidential designations pursuant to the Stipulated Protective Order. (Quackenbush Decl. ¶¶ 3–5.) The transcript also includes lawyer argument that quotes and discusses such confidential matters. All such argument and all confidential, proprietary, and financial information and testimony contained in the

VALVE'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(No. 16-cv-01941-JCC) - 3

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

transcript should remain under seal. Valve is not requesting that the testimony from Claimant G.G. and her son J.P. remain under seal.

(5) Exhibit F to Plaintiffs' Response, which contains documents introduced as exhibits during the evidentiary hearing in the G.G. arbitration. (Dkts. #35-8 & #35-9.) The documents identified in Exhibit F as exhibits C-72, C-75, C-88, C-95, C-105, C-137, C-162, C-167, C-168, R-9, R-10, R-11, R-13, R-14, R-16, R-22, R-25, and R-26 all contain highly confidential and proprietary information and should remain under seal. (Quackenbush Decl. ¶¶ 2, 4.) These documents were disclosed to Plaintiffs' counsel with confidential designations pursuant to the Stipulated Protective Order. (*Id.* ¶ 4.)

(6) Exhibit G to Plaintiffs' Response, which contains pleadings from the B.S. arbitration and the G.G. arbitration. (Dkt. #35-10.) The post-hearing briefs submitted in the two arbitrations quote testimony and documents containing highly confidential and proprietary information. (Dkt. #35-10 at 4–71; Quackenbush Decl. ¶ 6.) The post hearing briefs contained in Exhibit G should remain under seal.

### III. ARGUMENT

Although there is a strong presumption in favor of public access to the court's files, documents associated with a non-dispositive motion may be filed under seal upon a showing of "good cause." *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

A party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "Compelling reasons to seal may exist when sealing is necessary to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'" *Cousineau v. Microsoft Corp.*, No. C11-1438-JCC, 2013 WL 12069074,

VALVE'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(No. 16-cv-01941-JCC) - 4

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

at *1 (W.D. Wash. Sept. 16, 2013) (Coughenour, J.) (citations omitted) (granting motion to seal).

Here, the Sealed Documents should remain sealed under either standard. Exhibits D and F to Plaintiffs' Response are documents introduced as exhibits during the evidentiary hearings in the B.S. and G.G. arbitrations. (Dkts. #35-4, #35-5, #35-6, #35-8, & #35-9.) Exhibits D and F contain numerous internal Valve emails and documents that contain highly confidential and proprietary information, as well as highly confidential internal financial information regarding CS:GO sales and other matters.[2] (Quackenbush Decl. ¶¶ 3–4.) Valve is a private company and does not distribute these documents or the confidential information found in these documents outside the company. (*Id.* ¶¶ 1, 3–4.) This information gives Valve an opportunity to obtain an advantage over competitors who do not know or use it. (*Id.*) Disclosure of this information would harm Valve's competitive standing, as it could be used by others in the market to develop competing video games and related processes. (*Id.*) Public release of "skins" trade and sales information could also harm Valve's competitive standing by giving competitors significant insight into Valve's operations and financials. (*Id.*)

Exhibits C and E to Plaintiffs' Response are copies of the transcripts of the evidentiary hearings in the B.S. and G.G. arbitrations. (Dkts. #35-3 & #35-7.) The transcripts contain extensive testimony about the confidential and proprietary documents contained in Exhibits D and F discussed above. (*Id.* ¶¶ 3, 5.) Additionally, the transcripts contain highly sensitive and confidential testimony about Valve's business, profitability, and sales, including confidential trade and sales information. (*Id.* ¶ 5.) For the same reasons discussed above, disclosure of this information would harm Valve's competitive standing. (*Id.*)

Finally, Exhibit G to Plaintiffs' Response contains arbitration pleadings from the B.S.

---

[2] More specifically, the documents identified in Exhibit D as exhibits C-59, C-62, C-72, C-88, C-92, C-95, C-97, C-100, C-106, C-122, C-126, C-130 (also identified as 130), C-165 (also identified as 165), R-15, R-16, R-17, R-19, R-22, R-23, R-31, R-32, and R-39 contain highly confidential and proprietary information. (Quackenbush Decl. ¶ 3.) The documents identified in Exhibit F as exhibits C-72, C-75, C-88, C-95, C-105, C-137, C-162, C-167, C-168, R-9, R-10, R-11, R-13, R-14, R-16, R-22, R-25, and R-26 also contain highly confidential and proprietary information. (*Id.* ¶ 4.) These portions of Exhibits D and F should remain under seal.

VALVE'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(No. 16-cv-01941-JCC) - 5

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

and G.G. arbitrations. The post-hearing briefs submitted in the two arbitrations quote from the testimony and documents discussed above and, therefore, contain highly confidential and proprietary information. (Quackenbush ¶ 6.) Disclosure of this information would harm Valve's competitive standing.

## IV. CONCLUSION

For these reasons, Valve respectfully requests that the Court maintain the following materials under seal in order to protect the confidential, proprietary, and financial information therein:

(1) Plaintiffs' Response in Opposition to Valve's Motion to Lift Stay and Dismiss Case with Prejudice (Dkt. #35);

(2) Exhibit C to Plaintiffs' Response, excluding the testimony from Claimant B.S.'s son (Dkt. #35-3);

(3) The documents identified in Exhibit D as Exhibits C-59, C-62, C-72, C-88, C-92, C-95, C-97, C-100, C-106, C-122, C-126, C-130 (also identified as 130), C-165 (also identified as 165), R-15, R-16, R-17, R-19, R-22, R-23, R-31, R-32, and R-39 (Dkts. #35-4, #35-5, & #35-6);

(4) Exhibit E to Plaintiffs' Response, excluding the testimony of Claimant G.G. and her son (Dkt. #35-7);

(5) The documents identified in Exhibit F as Exhibits C-72, C-75, C-88, C-95, C-105, C-137, C-162, C-167, C-168, R-9, R-10, R-11, R-13, R-14, R-16, R-22, R-25, and R-26 (Dkts. #35-8 & #35-9); and

(6) The post-hearing arbitration briefs in Exhibit G to Plaintiffs' Response (Dkt. #35-10).

VALVE'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(No. 16-cv-01941-JCC) - 6

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

DATED this 4th day of March, 2019.

       FOX ROTHSCHILD LLP


       By */s/ Gavin W. Skok*
         Gavin W. Skok, WSBA #29766

       Attorneys for Defendant Valve Corporation

VALVE'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(No. 16-cv-01941-JCC) - 7

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

**CERTIFICATE OF SERVICE**

I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle, Washington. I am a U.S. citizen over the age of eighteen years and not a party to the within cause. On the date shown below, I caused to be served a true and correct copy of the foregoing on counsel of record for all other parties to this action as indicated below:

| **Service List** ||
|---|---|
| Kim D. Stephens, WSBA #11984<br>Jason T. Dennett, WSBA #30686<br>**TOUSLEY BRAIN STEPHENS PLLC**<br>1700 Seventh Avenue, Suite 2200<br>Seattle, WA 98101<br>Tel: (206) 682-5600<br>Fax: (206) 682-2992<br>KStephens@tousley.com<br>jdennett@tousley.com<br><br>*Attorneys for Plaintiffs* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via ECF/ Email<br>☐ Via over-night delivery |
| Jasper D. Ward IV<br>Alex C. Davis<br>Patrick Walsh<br>**JONES WARD PLC**<br>Marion E. Taylor Building<br>312 S. Fourth Street, Sixth Floor<br>Louisville, Kentucky 40202<br>Tel: (502) 882-6000<br>Fax: (502) 587-2007<br>jasper@jonesward.com<br>alex@jonesward.com<br>patrick@jonesward.com<br>*Attorneys for Plaintiffs* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via ECF / Email<br>☐ Via over-night delivery |

VALVE'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(No. 16-cv-01941-JCC) - 8

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1  I declare under penalty of perjury under the laws of the State of Washington that the
2  foregoing is true and correct.

3  EXECUTED this 4th day of March, 2019, in Seattle, Washington.

Courtney R. Tracy

VALVE'S RESPONSE TO PLAINTIFFS' MOTION TO SEAL
(No. 16-cv-01941-JCC) - 9

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600