THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

G.G., A.L., and B.S., individually and on behalf of all others similarly situated,

Plaintiffs,

v.

VALVE CORPORATION, a Washington corporation,

Defendant.

CASE NO. C16-1941-JCC

ORDER

This matter comes before the Court on Plaintiffs' motion to seal their response in opposition to Defendant's motion to lift stay and dismiss case with prejudice, and exhibits attached thereto (Dkt. No. 34). Plaintiffs have filed their motion following Defendant's designation of the materials as "Confidential" pursuant to the stipulated protective order entered in this case. (*Id.* at 3; *see* Dkt. No. 23.)

"There is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g)(3); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). However, documents filed in support of a dispositive motion should remain under seal when a party can "articulate[] compelling reasons supported by specific factual findings" that outweigh the public's interest in access. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

ORDER
C16-1941-JCC
PAGE - 1

1   Plaintiffs have filed under seal their response in opposition to Defendant's motion to lift
2   stay and dismiss case with prejudice (Dkt. No. 35) and exhibits attached thereto. (Dkt. Nos. 35-
3   1–35-10.) In its response to Plaintiffs' motion to seal, Defendant has narrowed its designation of
4   "Confidential" to the following materials:

1. Plaintiffs' Response in Opposition to Valve's Motion to Lift Stay and Dismiss Case with Prejudice (Dkt. No. 35);
2. Exhibit C to Plaintiffs' Response, excluding the testimony from Claimant B.S.'s son (Dkt. No. 35-3);
3. The documents identified in Exhibit D as Exhibits C-59, C62, C-72, C-88, C-92, C-95, C-97, C-100, C-106, C-122, C-126, C-130 (also identified as 130), C-165 (also identified as 165), R-15, R-16, R-17, R-19, R-22, R-23, R-31, R-32, and R-39 (Dkt. Nos. 35-4, 35-5, 35-6);
4. Exhibit E to Plaintiffs' Response, excluding testimony of Claimant G.G. and her son (Dkt. No. 35-7);
5. The documents identified in Exhibit F as Exhibits C-72, C-75, C-88, C-95, C-105, C-137, C-162, C-167, C-168, R-9, R-10, R-11, R-13, R-14, R-16, R-22, R-25, and R-26 (Dkt. Nos. 35-8, 35-9); and
6. The post-hearing arbitration briefs in Exhibit G to Plaintiffs' Response (Dkt. No. 35-10).

Defendant has argued that the materials it seeks to maintain under seal concern highly sensitive business and financial information that is confidential and proprietary to Defendant. (*See* Dkt. No. 40.) Having reviewed the materials, the Court agrees and FINDS that Defendant's interest in maintaining the information as confidential and proprietary constitutes a compelling reason that outweighs the general public's interest in its disclosure.

Therefore, Plaintiffs' motion to seal (Dkt. No. 34) is GRANTED. The Clerk is DIRECTED to maintain Docket Numbers 35, 35-1, 35-2, 35-3, 35-4, 35-5, 35-6, 35-7, 35-8, 35-9, and 35-10 under seal. The parties are ORDERED to file publicly-available versions of the

documents for which Defendant has withdrawn its designation of "Confidential" in its response to Plaintiffs' motion to seal. (*See* Dkt. No. 40.)

DATED this 18th day of March 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE