1

2

3

4

5

6

7

8

9

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   Grace Galloway, Andy Lesko, and Brenda
     Shoss, individually and on behalf of all others
11   similarly situated,

12                                      Plaintiffs,

13   v.

14   VALVE CORPORATION, a Washington
     corporation,
15
                                        Defendant.
16

No. 2:16-cv-01941-JLR

**DEFENDANT VALVE
CORPORATION'S ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED
COMPLAINT**

17          On December 16, 2020, the Court dismissed all of Plaintiffs' claims other than Plaintiffs'

18   Consumer Protection Act claim based on Valve's alleged support of "lootbox gambling."  (Dkt.

19   #65 at 26.)  Accordingly, Valve responds herein only to Plaintiffs' sole remaining claim under

20   the CPA related to "lootbox gambling" and allegations that reasonably relate to the remaining

21   CPA cause of action regarding "lootbox gambling."  (*See* Dkt. #70.)  With respect to such

22   allegations, each allegation not specifically admitted herein is denied.  To the extent any

23   headings in Plaintiffs' First Amended Complaint state factual allegations, such allegations are

24   also denied.

25

26

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 1

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

118298267

No response is necessary or required to Plaintiffs' other claims and factual allegations. Insofar as a response is required, Valve denies all other claims and factual allegations.

## NATURE OF THE CASE

1.      Valve admits that it is a Washington corporation headquartered in Bellevue, Washington, that it develops and distributes video games on its online gaming platform, Steam, that it does business through the Internet, and that its products and services are available to users in all 50 states, including Washington State.  Valve denies any remaining allegations in Paragraph 1.

2.      Valve admits it does not have a Washington State license to operate, facilitate, or engage in gambling, but denies that any of its activities constitute gambling and denies the remaining allegations in Paragraph 2.

3.      Valve denies the allegations in Paragraph 3.

4.      Valve admits that it received a letter from the State of Washington's Gambling Commission dated September 27, 2016.  The letter speaks for itself as to its contents and legal significance, if any.  Valve denies the remaining allegations in Paragraph 4.

5.      Valve admits that it introduced decorative virtual items called "skins" into CS:GO in 2013.  Valve also admits that skins can be bought or sold on the Steam Community Market for virtual Steam Wallet funds and that skins can be traded using Steam trading.  Valve denies the remaining allegations in Paragraph 5.

6.      The allegations contained in Paragraph 6 relate to causes of action the Court previously dismissed with prejudice (Dkt. #65), and therefore no response is required.  Insofar as a response is required, Valve denies the allegations in Paragraph 6.

7.      Valve admits that CS:GO competitive matches have been broadcast through online streaming broadcasts and that in one or more instances there have been 380,000 or more concurrent CS:GO players.  Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore denies the same.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 2

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

118298267

8.     Valve denies the allegations in Paragraph 8.

9.     Valve denies the allegations in Paragraph 9.

10.    Valve denies the allegations in Paragraph 10.

11.    Valve admits that CS:GO players can obtain weapons cases during gameplay and that Valve sells virtual keys that can be used to open weapons cases.  The referenced website posts speak for themselves as to their contents and legal significance, if any.  Valve denies the remaining allegations in Paragraph 11.

12.    Valve denies the allegations in Paragraph 12.

13–20.     The allegations in Paragraphs 13 through 20 relate to causes of action the Court previously dismissed with prejudice (Dkt. #65), and therefore no response is required.  Insofar as a response is required, Valve denies the allegations in Paragraphs 13 through 20.

21.    Valve admits that Plaintiffs filed this lawsuit on behalf of themselves and their children and that the Court entered an Order compelling arbitration (Dkt. #30).  Valve further admits that the arbitrators entered awards in Valve's favor in AAA Case No. 01-18-0001-7977 and AAA Case No. 01-18-0001-7979.  Those awards speak for themselves as to their contents and legal significance.  Valve denies the remaining allegations and characterizations of the arbitrators' awards in Paragraph 21.

22.    The arbitrators' awards speak for themselves as to their contents and legal significance.  Valve denies the allegations and characterizations of the arbitrators' awards in Paragraph 22.

23.    The allegations contained in Paragraph 23 relate to causes of action the Court previously dismissed with prejudice (Dkt. #65), and therefore no response is required.  Insofar as a response is required, Valve denies the allegations in Paragraph 23.

24.    Valve denies the allegations in Paragraph 24.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 3

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

118298267

25.     Valve admits that Plaintiffs filed this lawsuit on behalf of themselves and on behalf of others allegedly similarly situated.  Valve denies the remaining allegations in Paragraph 25.

## PARTIES, JURISDICTION AND VENUE

26.     Valve admits that it is a Washington corporation headquartered in Bellevue, Washington and that it does business in the United States, including in King County, Washington.  Valve further admits that it developed and released CS:GO.  Valve denies any remaining allegations in Paragraph 26.

27.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, and therefore denies the same.

28.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and therefore denies the same.

29.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies the same.

30.     Paragraph 30 contains a legal conclusion to which no response is required.  To the extent a response is required, Valve admits that it is a Washington corporation headquartered in Bellevue, Washington and does not dispute that venue for this action is proper in the United States District Court for the Western District of Washington.  Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and therefore denies the same.

## FACTUAL BACKGROUND[1]

2.     Valve admits that it develops video games, including CS:GO, and admits that it released CS:GO in 2012.  Valve denies the remaining allegations in Paragraph 2.

---

[1] The numbering in Plaintiffs' First Amended Complaint re-starts with Paragraph 2 in the section titled "Factual Background."  Valve's responses follow the numbering in Plaintiffs' First Amended Complaint.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 4

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

118298267

3.      Valve admits that CS:GO is a first-person shooter game and that it was released in 2012.  Valve denies the remaining allegations in Paragraph 3.

4.      Valve admits that a post titled "The Arms Deal Update" was made to https://blog.counter-strike.net on or about August 14, 2013.  The website post speaks for itself as to its contents and legal significance, if any.  Valve denies the remaining allegations in Paragraph 4.

5.      The referenced website post speaks for itself as to its contents and legal significance, if any.  Valve denies the remaining allegations in Paragraph 5.

6.      The referenced website post speaks for itself as to its contents and legal significance, if any.  Valve denies the remaining allegations in Paragraph 6.

7.      The referenced website post speaks for itself as to its contents and legal significance, if any.  Valve denies the remaining allegations in Paragraph 7.

8.      Valve admits that it owns Steam and www.steampowered.com, and admits that Steam has various features, for example as described at https://store.steampowered.com/about. Valve denies the remaining allegations contained in Paragraph 8.

9.      Valve admits that it charges a Steam transaction fee and a CS:GO fee on certain transactions on the Steam Community Market, as described at https://support.steampowered.com/kb_article.php?ref=6088-UDXM-7214.  Valve denies the remaining allegations in Paragraph 9.

10.     Valve denies the allegations in Paragraph 10.

11.     The referenced website post speaks for itself as to its contents and legal significance, if any.  Valve denies the remaining allegations in Paragraph 11.

12.     Valve admits that it has consulted an economist, but denies the remaining allegations in Paragraph 12.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 5

FOX ROTHSCHILD LLP
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

118298267

13.     The allegations in Paragraph 13 relate to causes of action the Court previously dismissed with prejudice (Dkt. #65), and therefore no response is required.  Insofar as a response is required, Valve denies the allegations in Paragraph 13.

14.     The allegations in Paragraph 14 relate to causes of action the Court previously dismissed with prejudice (Dkt. #65), and therefore no response is required.  Insofar as a response is required, Valve denies the allegations in Paragraph 14.

15.     The allegations in Paragraph 15 relate to causes of action the Court previously dismissed with prejudice (Dkt. #65), and therefore no response is required.  Insofar as a response is required, Valve denies the allegations in Paragraph 15.

16.     Valve denies the allegations in Paragraph 16.

17.     Valve admits that CS:GO players can obtain weapons cases during gameplay and that Valve sells virtual keys that can be used to open weapons cases.  Valve denies the remaining allegations in Paragraph 17.

18.     The referenced website post speaks for itself as to its contents and legal significance, if any.  Valve denies the remaining allegations in Paragraph 18.

19.     Valve denies the allegations in Paragraph 19.

20.     The allegations in Paragraph 20 relate to causes of action the Court previously dismissed with prejudice (Dkt. #65), and therefore no response is required.  Insofar as a response is required, Valve denies the allegations in Paragraph 20.

21.     The allegation in Paragraph 21 regarding Valve's obligation to disclose odds is a legal conclusion to which no response is required.  Valve denies all allegations in Paragraph 21 to which a response is required.

22.     Valve admits that virtual items that can potentially be received from opening a weapons crate are identified to users before and during the crate opening process, but otherwise denies the allegations in Paragraph 22.

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

23.    The referenced publication speaks for itself as to its contents and legal significance, if any.  Valve denies the remaining allegations in Paragraph 23.

24.    Valve admits that skins can be bought or sold on the Steam Community Market for virtual Steam Wallet funds.  Valve also admits that it charges a Steam transaction fee and a CS:GO fee on certain transactions on the Steam Community Market, as described at https://support.steampowered.com/kb_article.php?ref=6088-UDXM-7214.  Valve denies the remaining allegations in Paragraph 24.

25.    Valve admits that skins can be obtained through gameplay and can be bought or sold on the Steam Community Market for virtual Steam Wallet funds, and admits that skins can be traded using Steam trading.  Valve denies the remaining allegations in Paragraph 25.

26–32.    The allegations in Paragraphs 26 through 32 relate to causes of action the Court previously dismissed with prejudice (Dkt. #65), and therefore no response is required. Insofar as a response is required, Valve denies the allegations in Paragraph 26 through 32.

33.    Valve admits that skins can be bought or sold on the Steam Community Market for virtual Steam Wallet funds and that virtual Steam Wallet funds can be used to make purchases on the Steam Community Market.  Valve denies the remaining allegations in Paragraph 33.

34.    The arbitrators' awards speak for themselves as to their contents and legal significance.  Valve denies the remaining allegations and characterizations of the arbitrators' awards in Paragraph 34.

35–41.    The allegations in Paragraphs 35 through 41 relate to causes of action the Court previously dismissed with prejudice (Dkt. #65), and therefore no response is required. Insofar as a response is required, Valve denies the allegations in Paragraph 35 through 41.

42.    Valve denies the allegations in Paragraph 42.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 7

118298267

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

43–57.    The allegations in Paragraphs 43 through 57 relate to causes of action the Court previously dismissed with prejudice (Dkt. #65), and therefore no response is required. Insofar as a response is required, Valve denies the allegations in Paragraph 43 through 57.

58.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies the same.

59–69.    The allegations in Paragraphs 59 through 69 relate to causes of action the Court previously dismissed with prejudice (Dkt. #65), and therefore no response is required. Insofar as a response is required, Valve denies the allegations in Paragraph 59 through 69.

70.    Valve denies the allegations in Paragraph 70.

71–74.    The allegations in Paragraphs 71 through 74 relate to causes of action the Court previously dismissed with prejudice (Dkt. #65), and therefore no response is required. Insofar as a response is required, Valve denies the allegations in Paragraph 71 through 74.

75.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and therefore denies the same.

76.    Valve denies the allegations in Paragraph 76.

77.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and therefore denies the same.

78.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and therefore denies the same.

79.    Valve lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore denies the same.

80.    Valve denies the allegations in Paragraph 80.

## **APPLICABLE LAW**

81.    Answering the first sentence of Paragraph 81, Valve admits that it is a Washington corporation headquartered in Bellevue, Washington.  The remaining allegations in Paragraph 81 are legal conclusions to which no response is required.  To the extent a response is

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 8

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

118298267

required, Valve does not dispute that the State of Washington has the most significant contacts with Plaintiffs' claims pled in the First Amended Complaint, but denies the remaining allegations in Paragraph 81.

82.     Valve lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 82, and therefore denies the same.

83.     Paragraph 83 contains legal conclusions to which no response is required.  To the extent a response is required, Valve does not dispute that Washington law applies to this action. Valve denies the remaining allegations in Paragraph 83.

## CLASS ALLEGATIONS

84.     Paragraph 84 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 84.

85.     Paragraph 85 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 85.

86.     Paragraph 86 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 86.

87.     Paragraph 87 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 87.

88.     Paragraph 88 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 88, including subparts a through k.

89.     Paragraph 89 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 89.

90.     Paragraph 90 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 90.

91.     Paragraph 91 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 91.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 9

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

118298267

92.     Paragraph 92 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 92.

93.     Paragraph 93 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 93.

94.     Paragraph 94 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 94.

95.     Paragraph 95 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 95.

96.     Paragraph 96 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 96.

97.     Paragraph 97 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 97.

98.     Paragraph 98 contains legal conclusions to which no response is required.  To the extent a response is required, Valve denies the allegations in Paragraph 98.

## COUNT I
## VIOLATION OF THE CONSUMER
## PROTECTION ACT, RCW 19.86 *ET SEQ.*

99.     Valve incorporates by reference its answers to the preceding paragraphs as if fully set forth in this paragraph.

100.    Valve admits that it is headquartered in Bellevue, Washington, that substantially all of its employees work in Washington, and that many of its business operations occur in Washington State.  Valve denies the remaining allegations in Paragraph 100.

101.    Valve denies the allegations in Paragraph 101

102.    No response to the allegations in Paragraph 102 is required because the Court dismissed Plaintiffs' CPA claim based on alleged skins gambling with prejudice.  (Dkt. #65 at 19–20.)  Insofar as a response is required, Valve denies the allegations in Paragraph 102.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 10

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

118298267

103.    Valve acknowledges the existence of the referenced statute, which speaks for itself.  Valve denies any allegations inconsistent with the statute.  To the extent Paragraph 103 alleges a cause of action against Valve, those allegations are denied.

104.    Valve acknowledges the existence of the referenced statute, which speaks for itself.  Valve denies any allegations inconsistent with the statute.  To the extent Paragraph 104 alleges a cause of action against Valve, those allegations are denied.

105.    Valve denies the allegations in Paragraph 105.

106.    No response to the allegations in Paragraph 106 is required because the Court dismissed Plaintiffs' *per se* CPA claim based on alleged violations of WAC 230-06-010 and the Gambling Act of 1973 with prejudice.  (Dkt. #65 at 19–20.)  Insofar as a response is required, Valve denies the allegations in Paragraph 106.

107.    No response to the allegations in Paragraph 107 is required because the Court dismissed Plaintiffs' *per se* CPA claim based on alleged violations of WAC 230-06-010 and the Gambling Act of 1973 with prejudice.  (Dkt. #65 at 19–20.)  Insofar as a response is required, Valve denies the allegations in Paragraph 107.

108.    No response to the allegations in Paragraph 107 is required because the Court dismissed Plaintiffs' *per se* CPA claim based on alleged violations of WAC 230-06-010 and the Gambling Act of 1973 with prejudice.  (Dkt. #65 at 19–20.)  Insofar as a response is required, Valve denies the allegations in Paragraph 108.

109.    Valve denies the allegations in Paragraph 109.

110.    Valve denies the allegations in Paragraph 110.

111.    Valve denies the allegations in Paragraph 111.

112.    Valve denies the allegations in Paragraph 112.

113.    Valve denies the allegations in Paragraph 113.

114.    Valve denies the allegations in Paragraph 114.

115.    Valve denies the allegations in Paragraph 115.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 11

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

118298267

1    116.    Valve denies the allegations in Paragraph 116.

2    117.    Valve denies the allegations in Paragraph 117.

3    118.    Valve denies the allegations in Paragraph 118.

4
## COUNT II
5
### VIOLATIONS OF THE GAMBLING ACT OF 1973, RCW 9.46 *ET SEQ.*

6    119.    Valve incorporates by reference its answers to the preceding paragraphs as if fully

7    set forth in this paragraph.

8    120–127.    No response to this claim or these allegations is required because the

9    Court dismissed Plaintiffs' claim for violations of the Gambling Act of 1973 with prejudice.

10   (Dkt. #65 at 20.)  Insofar as a response is required, Valve denies the allegations in Paragraph 120

11   through 127.

12
## COUNT III
### UNJUST ENRICHMENT
13
     128.    Valve incorporates by reference its answers to the preceding paragraphs as if fully
14
     set forth in this paragraph.
15
     129–137.    No response to this claim or these allegations is required because the
16
     Court dismissed Plaintiffs' unjust enrichment claim.  (Dkt. #65 at 22.)  Insofar as a response is
17
     required, Valve denies the allegations in Paragraph 129 through 137.
18
## COUNT IV
19
### NEGLIGENCE
20
     138.    Valve incorporates by reference its answers to the preceding paragraphs as if fully
21
     set forth in this paragraph.
22
     139–144.    No response to this claim or these allegations is required because the
23
     Court dismissed Plaintiffs' negligence claim.  (Dkt. #65 at 25.)  Insofar as a response is required,
24
     Valve denies the allegations in Paragraph 139 through 144.
25

26

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 12

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

118298267

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## COUNT V
## INJUNCTIVE RELIEF

In lieu of formally re-pleading, for efficiency the parties agreed (*see* Dkt. #70) to treat Plaintiffs' allegations for injunctive relief in Paragraphs 145 through 163 of Plaintiffs' First Amended Complaint as a request for injunctive relief under Plaintiffs' remaining Consumer Protection Act claim and as being part of the Prayer for Relief in Plaintiffs' First Amended Complaint. Valve responds to those allegations below. For consistency, Valve's responses follow the original structure and numbering in Plaintiffs' First Amended Complaint. Insofar as any further or different response is required, Valve denies that Plaintiffs are entitled to any of the injunctive or other relief sought through Plaintiffs' previously plead Count V.

145.    Valve incorporates by reference its answers to the preceding paragraphs as if fully set forth in this paragraph.

146.    The allegations contained in Paragraph 146 relate to causes of action the Court previously dismissed with prejudice (Dkt. #65), and therefore no response is required. Insofar as a response is required, Valve denies the allegations in Paragraph 146.

147.    Valve denies the allegations in Paragraph 147.

148.    Paragraph 148 does not contain any allegations to which a response is required. To the extent a response is required, Valve denies the allegations in Paragraph 148 and denies that Plaintiffs are entitled to certification of a class under Fed. R. Civ. P. 23 or any other relief whatsoever from Valve.

149–163.    Valve denies that Plaintiffs are entitled to any relief whatsoever from Valve and further denies all allegations contained in Paragraphs 149 through 163.

**Fox Rothschild LLP**
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154
206.624.3600

**PRAYER FOR RELIEF**

Valve denies that Plaintiffs are entitled to any relief whatsoever from Valve and further denies all allegations contained in the section of Plaintiffs' First Amended Complaint titled "Prayer for Relief."

**DEFENDANT'S AFFIRMATIVE DEFENSES**

For its affirmative defenses to Plaintiffs' First Amended Complaint, Valve alleges as follows:

1.      Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring such claims.

3.      Plaintiffs' alleged damages, if any, were caused in whole or in part by the acts or omissions of third parties over whom Valve has no control and for whose actions Valve is not legally responsible.

4.      The fault of all actors—whether or not joined as parties to this lawsuit—must be evaluated and the liability apportioned among all actors in proportion to their comparative fault pursuant to RCW 4.22.070.

5.      Plaintiffs have an adequate remedy at law, barring any equitable relief.

6.      Some of Plaintiffs' allegations and claims are barred by the doctrines of law of the case, claim preclusion, or issue preclusion.

7.      Plaintiffs' and the putative class members' claims are barred in whole or in part by the applicable statute of limitations.

Valve reserves the right to amend its Answer to assert such additional defenses, counterclaims, or third-party claims for which a basis becomes apparent during the continuing course of discovery during this action.

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 14

118298267

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1

## **DEFENDANT'S PRAYER FOR RELIEF**

2      WHEREFORE, having fully answered Plaintiffs' First Amended Complaint, Valve prays

3 for the following relief:

4      A.      An order dismissing Plaintiffs' First Amended Complaint against Valve with

5 prejudice;

6      B.      An award of all its attorneys' fees and costs to the extent permitted by law; and

7      C.      For such other and further relief as this Court deems just and equitable.

8

9      DATED this 15th day of January, 2021.

10                    FOX ROTHSCHILD LLP

11

12      By  *s/ Gavin W. Skok*
                    Gavin W. Skok, WSBA #29766
13                  Laura P. Hansen, WSBA #48669
                    1001 Fourth Avenue, Suite 4500
14                  Seattle, WA 98154
                    Telephone:      206.624.3600
15                  Facsimile:      206.389.1708
                    E mail:         gskok@foxrothschild.com
16                                  lhansen@foxrothschild.com

17                  And

18      MONTGOMERY MCCRACKEN WALKER &
        RHOADS, LLP
19

20      By   *s/ Charles B. Casper*
                    Charles B. Casper (admitted *pro hac vice*)
21                  1735 Market Street
                    Philadelphia, PA  19103
22                  (215) 772-7223

23                  Attorneys for Defendant Valve Corporation

24

25

26

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 15

118298267

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

1

## CERTIFICATE OF SERVICE

2      I certify that I am a secretary at the law firm of Fox Rothschild LLP in Seattle,

3 Washington.  I am a U.S. citizen over the age of eighteen years and not a party to the within

4 cause.  On the date shown below, I caused to be served a true and correct copy of the foregoing

5 on counsel of record for all other parties to this action as indicated below:

6

| Service List | |
|---|---|
| Kim D. Stephens, WSBA #11984<br>Jason T. Dennett, WSBA #30686<br>**TOUSLEY BRAIN STEPHENS PLLC**<br>1700 Seventh Avenue, Suite 2200<br>Seattle, WA  98101<br>Tel: (206) 682-5600<br>Fax: (206) 682-2992<br>KStephens@tousley.com<br>jdennett@tousley.com<br><br>*Attorneys for Plaintiffs* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via ECF/ Email<br>☐ Via over-night delivery |
| Jasper D. Ward IV<br>Alex C. Davis<br>Patrick Walsh<br>**JONES WARD PLC**<br>Marion E. Taylor Building<br>312 S. Fourth Street, Sixth Floor<br>Louisville, Kentucky 40202<br>Tel: (502) 882-6000<br>Fax: (502) 587-2007<br>jasper@jonesward.com<br>alex@jonesward.com<br>patrick@jonesward.com<br>*Attorneys for Plaintiffs* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via ECF / Email<br>☐ Via over-night delivery |

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 16

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

118298267

| | |
|---|---|
| Ray W. Kahler<br>**STRITMATTER KESSLER WHELAN**<br>**WITHEY COLUCCIO**<br>413 8th Street<br>Hoquiam, WA 98550<br>Tel: (360) 533-2710<br>Fax: (360) 532-8032<br>ray@stritmatter.com<br><br>*Attorneys for Plaintiffs* | ☐ Via US Mail<br>☐ Via Messenger<br>☒ Via ECF / Email<br>☐ Via over-night delivery |

EXECUTED this 15th day of January, 2021, in Tacoma, Washington.

Courtney R. Brooks

VALVE'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFFS' FIRST AMENDED COMPLAINT
(CASE NO. 16-cv-01941-JLR) - 17

**FOX ROTHSCHILD LLP**
1001 FOURTH AVENUE, SUITE 4500
SEATTLE, WA 98154
206.624.3600

118298267