**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRACE GALWAY; BRENDA SHOSS, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs-Appellants,<br><br>  v.<br><br>VALVE CORPORATION, a Washington corporation,<br><br>    Defendant-Appellee. | No.    22-35105<br><br>D.C. No. 2:16-cv-01941-JLR<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted December 8, 2022
Seattle, Washington

Before: O'SCANNLAIN, McKEOWN, and MILLER, Circuit Judges.

Grace Galway and Brenda Shoss appeal the district court's dismissal of their claims brought under Washington's Consumer Protection Act ("CPA"). We have jurisdiction under 28 U.S.C. § 1291 and review de novo the grant of summary judgment. *Los Padres ForestWatch v. U.S. Forest Serv.*, 25 F.4th 649, 654 (9th

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Cir. 2022).  We affirm.

Galway and Shoss allege that Valve Corporation's ("Valve") embedding a loot box feature in Counter-Strike: Global Offensive ("Counter-Strike"), a video game Valve makes available to teenagers, violated the CPA because Galway and Shoss's children spent their parents' money on this feature, and thus on illegal underage gambling.  The district court granted Valve's motion for summary judgment on the CPA claim for failure to prove causation.

To prevail on a CPA claim, "a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 389 P.3d 476, 483 (Wash. 2017) (quoting *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986)).  Failing to establish any element is fatal to the claim. *Rush v. Blackburn*, 361 P.3d 217, 224 (Wash. Ct. App. 2015). Although proof that the plaintiff relied on the defendant's misrepresentations or omissions is not generally required to show causation, a court may require the plaintiff to show reliance where reliance is the causation theory the plaintiff pleaded.  *See Young v. Toyota Motor Sales*, 472 P.3d 990, 996–97 (Wash. 2020).

The district court correctly granted summary judgment.  Galway and Shoss alleged that Valve's embedding the loot box feature and failing to disclose that

feature induced Galway and Shoss to give money to their children, who then used that money to buy game credits to spend on this feature. This is a reliance argument, and the district court accordingly applied the rebuttable presumption of reliance. *See Deegan v. Windermere Real Estate/Ctr.-Isle, Inc.*, 391 P.3d 582, 587–88 (Wash. Ct. App. 2017); *Reichert v. Keefe Commissary Network, LLC*, 331 F.R.D. 541, 556 (W.D. Wash. 2019). We analyze separately the two alleged unfair or deceptive acts and practices—embedding and failure to disclose.

Galway and Shoss fail to establish a genuine dispute of material fact regarding causation with respect to the failure to disclose. Valve proffered evidence that neither parent viewed or sought out Valve statements about Counter-Strike during the relevant time period. This evidence—which Galway and Shoss did not challenge or contradict—successfully rebuts the presumption of reliance by establishing that Galway and Shoss's behavior would not have changed if the disclosure they seek had in fact been made. *See Morris v. Int'l Yogurt Co.*, 729 P.2d 33, 41 (Wash. 1986). Without the presumption of reliance, Galway and Shoss fail to provide evidence to support a genuine dispute of material fact as to whether Valve's alleged omissions induced their monetary injuries. Their sole remaining argument, that they would have acted differently had they seen a gambling disclosure on their credit card statements, is unpersuasive when, as the district court noted, the statements accurately reflected that payments were made to

Valve's gaming platform and neither the Washington courts nor the legislature have deemed video game loot box features to be gambling, so no such disclosure would be required.

Galway and Shoss also fail to establish a genuine dispute of material fact as to causation with respect to embedding the loot box feature. Their sole theory of causation before the district court was reliance. Before this court, by contrast, Galway and Shoss argue that reliance is an inappropriate framework because underage gambling cannot be remedied through disclosures. Because Galway and Shoss did not raise this argument in opposition to Valve's motion for summary judgment below, we do not address it here. *See Pac. Dawn LLC v. Pritzker*, 831 F.3d 1166, 1178 n.7 (9th Cir. 2016). Limited to proving a reliance theory of causation, Galway and Shoss fail to establish a genuine dispute of material fact. *See Young*, 472 P.3d at 996–97 ("Reliance was Young's theory, and he failed to prove it.").

Galway and Shoss have failed to identify a genuine issue of material fact as to the causation element of their CPA claim. The district court properly granted summary judgment to Valve.

**AFFIRMED.**